LOEHNER & WIFE, Respondents, *vs*. THE HOME MUTUAL INSURANCE COMPANY, Appellant.

1. Same case, 17 Mo. Rep. 247, affirmed.
2. It is irregular practice for a court to comment upon evidence by way of instruction to a jury.

*Appeal from St. Louis Court of Common Pleas.*

The facts of this case sufficiently appear in the opinion of the court, when it was formerly here (17 Mo. Rep. 247) and in the opinion which follows.

*Hill, Grover & Hill*, for appellant, (among other points, which were settled when the cause was formerly here,) insisted that the court below èrred in giving the third instruction, which was an extract from the former opinion of this court, and was a mere comment upon the facts, calculated to mislead the jury. Upon the whole case, they cited the following authorities: 3 Dall. 491. 1 Wash. C. C. R. 283. *Howell* v. *Cincinnati Insurance Co.*, 7 Ham. (part 1,) 276. 2 Denio, 75.

*H. N. Hart*, for respondent.

SCOTT, Judge, delivered the opinion of the court.

This case is reported in the 17th vol. Mo. Rep. 247. After the cause was remanded, upon a trial of so much of it as related to the insurance on the piano and furniture covered by the policy, there was evidence that the secretary, who countersigned the policy, was frequently at the house before it was insured, and often drank wine there, and advised the plaintiff, Jeannettine, to have her house insured. The secretary, by the by-laws of the company, filled up and recorded all policies, and was ex-officio a director. The record shows that the notice of an assessment, required by the by-laws to be given to the insured, to the end that the benefit of the policy may be forfeited in the event of the non-payment of the assessment, had never been given.

Loehner *v.* Home Mutual Ins. Co.

The court gave the following instructions :

1. If the jury believe from the evidence, that the house in question was used as a bawd house, or as a tippling house, or dram-shop, and that such use of the house was concealed from the defendant, and that any one of such facts, so concealed, was material to the risk, then the plaintiff cannot recover.

2. In inquiring into the materiality of the facts alleged to be suppressed, it is important for the jury to consider that, by the by-laws of the defendant, all buildings to be insured were classed, and the premiums on them proportioned to the risk incurred, and that the trades and kinds of merchandise were enumerated for which an increased premium was demanded, and that none of the facts alleged to be material and suppressed in this case, were mentioned in the by-laws, as affecting the risk.

3. The jury will also take into consideration only the natural consequences of the use to which the house was applied, and whether an enhancement of the risk or of loss by fire was a natural consequence of such use.

4. The jury are further instructed, that there is no evidence tending to show a refusal or failure of the plaintiff, Jeannettine, to pay any assessment which, by the requirements of the policy, she was bound to pay, and therefore that defence, set up in this case, the jury will disregard.

5. The jury are instructed, that the defendant has not shown that there was any insurrection of the citizens at the time of the loss of property mentioned in the policy, and, therefore, that is no defence, in this cause, for the consideration of the jury.

The court refused the following instructions :

1. If the jury believe from the evidence, that, at the time of the application for insurance in this case, the said Jeannettine Clementine described the building insured and containing the property insured as a *dwelling house*, and it was so described in the written application for insurance, and that, in fact, the said Jeannettine, at the time of the loss of said property insured, kept in said premises a bawdy house, or house of ill-fame,

commonly called and known as a whore house, and that the risk of fire upon a bawdy house or whore house is greater than the risk of fire upon a dwelling house, then the jury will find for the defendant.

2. If the jury believe from the evidence, that the said Jeannettine Clementine, at and before the time of said application being made out by the agent of said company, misdescribed the purpose for which said building was occupied, and that she suppressed the purposes for which said premises were occupied, and that the said insurance was obtained upon such misdescription and suppression of the facts, as aforesaid, and that the president, who affixed the rate of premium upon said policy, was ignorant of said facts, and the real occupancy of said house was unknown to him; and that the said house, at the time of the application and the issuing of the policy, was occupied as a bawd house, and that the risk by fire was thereby increased, then the jury will find for the defendant.

3. The knowledge of the character of the house of Madame Clementine, by C. C. Cady, or Ledyard, if not imparted to Isaac L. Garrison, the president, or to the board of directors of the company, or to either of the directors of said company, or to the agent, who took the application, at or before the time of the issuing of said application, can have no effect upon the question of the concealment or suppression of the facts as to the occupation of the said premises.

4. If the jury find from the evidence, that neither Alonzo Cutter or Isaac L. Garrison knew or were informed of the character of the house of Clementine, at the time of the approval of the application and the issuing of the policy, then the secret knowledge of the fact of that house being a bawd house by Cady or Ledyard, is of no avail to the plaintiffs upon the issue, as to the concealment of the facts of the occupancy of said premises.

5. The statement of the purpose for which the house of Clementine was occupied in the application, is a warranty to the extent that no other more hazardous occupancy of the prem-

ises will be suffered by the insured; and if the jury believe from the evidence, that the house in question was occupied as a house of ill-fame instead of a dwelling, at the time of insurance and afterwards, and that wines were sold there, and that thereby the risk by fire was increased, then the jury will find for the defendant.

1. The instructions given by the court asserted the law as it had been declared when this cause was formerly here; and those asked by the defendant were properly refused, as they were counter to those given.

2. The reading the extract from the opinion of this court in the cause, by way of instruction, as it related to a matter of fact, was not strictly regular, as it was not accompanied with suitable explanations of the province of the jury, under such circumstances. A court should not comment upon the evidence in the authoritative way of an instruction. If it sees fit to make comments on the evidence, it should always be so done that the jury may know that the views of the court cannot legally control them; but, notwithstanding such comments, they are at liberty to find in such way as to them seems right and proper from the evidence, although such finding may be in opposition to the opinion entertained by the court. If a cause is brought to this court and should be sent back for a new trial, it would not be proper to give the comments this court may make on the evidence to the jury, by way of instruction. If the court below sees proper to adopt the language of this court, in commenting on the evidence, it should always be with the explanation that such comment is offered to their consideration, and that they should attach only that degree of importance to it which, in their opinion, it deserves. Comments on the evidence, by the court, are not binding on the jury. The jury may rightfully entertain a different opinion in relation to the facts of a cause, from that possessed by the court. The court declares the law. The jurors find the facts, and in their finding cannot be authoritatively controlled by the

court, though they will treat its suggestions with that defer-
ence and respect which our system of jury trial exacts at their
hands.

As this case did not turn on the fact about which the extract
was read, we do not see proper to reverse the judgment for
this cause.

The other judges concurring, the judgment will be affirmed.