THE PEORIA MARINE & FIRE INSURANCE COMPANY

*v.*

MARIA ANAPOW, for the use of, etc.

1. INSURANCE — *policy of — upon goods being constantly sold and replenished.* A policy of insurance upon a stock of goods which is being constantly sold and replenished, covers as well the new purchases as the stock on hand at the date of the policy.

2. INSTRUCTIONS. In an action upon a policy of insurance, where either one of two facts, if proven, would have defeated a recovery, it was error for the court to instruct the jury that both such facts must be proven.

3. SAME — *must not assume questions in dispute.* It is proper for the court to refuse an instruction which assumes a question in controversy.

4. SAME — *may be asked upon any question in dispute — although there is no direct proof upon it.* Where an instruction is asked upon a question, concerning which there is no direct testimony, yet, if there be any proof tending to establish it, such question should be submitted to the jury, as the party asking the instruction is entitled to the benefit of whatever inferences the jury may think proper to draw from the proof, however slight.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

This was an action of covenant brought in the court below by the appellee, Maria Anapow, for the use of Albert Michelson, against the appellant, the Peoria Marine & Fire Insurance company, upon a policy of insurance, for $3,000, on a stock of tobacco, which had been destroyed by fire. The case was tried before a jury, who found a verdict for the plaintiff for $3,090. A motion for a new trial was made, which the court overruled, and rendered judgment upon the verdict, to reverse which, the case is brought to this court by appeal. The facts in the case are fully stated in the opinion.

Messrs. SCAMMON, McCAGG & FULLER, for the appellant.

Mr. D. P. WILDER, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

On the 17th of October, 1865, Maria Anapow procured from the Peoria Marine and Fire Insurance company a policy for $3,000, on a stock of tobacco and cigars, at that time on storage in the tobacco shop of Albert Michelson, in the city of Chicago. On the 28th of December, 1865, Michelson procured an insurance on his own stock of tobacco, in the same room, for the sum of $4,000, from the Illinois Mutual Fire Insurance company. The tobacco of Mrs. Anapow was piled up in bales and boxes in a different part of the room from that where Michelson kept his stock in trade. On the 4th of January, 1866, Michelson bought from Mrs. Anapow her stock, and at the same time took from her an assignment of the policy sued on in this case, the assent of the company being indorsed

thereon.   On the 9th of January, 1866, all the tobacco was destroyed by fire.   The Illinois Mutual paid to Michelson the amount due on the insurance effected upon his own stock, but the Peoria company declined to pay upon the policy taken out by Mrs. Anapow and assigned to Michelson.   Thereupon, he brought this suit, and, having recovered verdict and judgment, the company appealed..

The policy upon which this suit is brought contains a clause to the effect, that, if the assured has already any other insurance on the same property, or shall thereafter effect any other, and it is not indorsed upon this policy, the policy shall cease and be of no further effect.   There is also a provision, that, in case of another insurance, the appellant should not be liable, in any event, for more than its proportional share of the loss.

The appellant defends under these provisions of its policy. It insists that the Anapow stock, after its purchase by Michelson, became a part of his stock, and was at once covered by the policy issued by the Illinois Mutual a few days before, upon his stock. ·

There is no controversy upon the general principle here invoked.   A policy of insurance upon a stock of goods which is being constantly sold and constantly replenished, covers as well the new purchases as those on hand at the date of the policy.   The question in this case is, whether the Anapow tobacco did, upon its purchase by Michelson, or at any time before the fire, become a part of his stock and thereby fall under the protection of his policy.   Whether it thus became a part of his stock was a question of fact for the jury, and should have been submitted to them.   This was the point upon which the case should have been made to turn.

The first instruction given for the plaintiff, after stating the terms of the policy, tells the jury, if these terms have been fulfilled, they will find for the plaintiff, " unless the jury shall also be convinced and satisfied from the proofs that said property was, at the time of said loss, covered by other insurance, as alleged by said defendant in its pleas, *and* unless the jury shall *further* believe, from the evidence, that fraud or misrep-

resentation was practiced upon the defendant when said policy was issued."

It was perhaps the result of inadvertence, but, as the instruction stands, it was necessary for the jury to believe, not only that there was a double insurance, but also that there was fraud, in order to prevent a verdict for the plaintiff. Yet either one of these facts, if proven, would have defeated the plaintiff's claim. The jury would understand, however, from the use of the word *and,* instead of *or,* and the use of the word *further,* in this instruction, that both facts must be proven. There was error in this instruction.

The first of the instructions asked by the defendant was properly refused, because it assumes the very question in dispute. The second, asked by him, and refused by the court, was as follows: " The jury are further instructed, that, if they believe, from the evidence, that on the 28th day of December, 1865, Michelson effected an insurance on his stock of tobacco, etc., in the store known as No. 232 Randolph street, Chicago, and that on the 4th of January, 1866, he purchased another stock or lot of tobacco, of Mrs. Maria Anapow, and that it was placed and intermixed with his former stock of tobacco that was insured in the Illinois Mutual Fire Insurance company, and that all that stock was destroyed by fire on the 9th day of January, 1866, and that Michelson collected of that company the full sum which it had insured upon ' his stock of tobacco, etc.,' including as well that bought of Mrs. Anapow, as of others,—then the plaintiff is not entitled to recover in this case any greater sum than the amount insured in the policy sued upon in this case shall bear to the whole amount insured on the said property, and the burden of proof is upon the plaintiff to show by proper evidence what that proportion is, and, if he has failed to do so, then he is only entitled to recover nominal damages."

We can perceive no reason why this instruction should not have been given, unless it be that the court considered there was no evidence before the jury of an intermixture of the two stocks. It is true there was no direct evidence to that effect,

but the appellant was entitled to the benefit of whatever inferences the jury might think proper to draw from the testimony of Murphy as to the position of the tobacco when he took the insurance. The defendants, on the evidence, may not have been entitled to a verdict under this instruction, but they had the right to have it given, and to argue to the jury, as counsel probably did, that the two stocks were mixed from the beginning.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*

Breese, Ch. J., dissenting.