## PEORIA MARINE AND FIRE INSURANCE COMPANY

*v.*

## MARIA ANAPOW, for the use of
## ALBERT MICHELSON.

1. INSURANCE—*policy of—upon goods being constantly sold and replenished.* A policy of insurance upon a stock of goods, which is being constantly sold and replenished, covers as well the new purchases as the stock on hand at the date of the policy.

2. But in order that goods subsequently purchased shall become a part of the stock in trade so as to be covered by the insurance thereon, it is not enough that other goods are purchased, but it must appear they became a part of the stock, from which sales were to be made as from the general stock, of which it may be claimed the new purchases became a part.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

The opinion states the case.

Messrs. SCAMMON, McCAGG & FULLER, for the appellants.

Mr. D. P. WILDER, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This case was before this court at a former term, and is reported in 45 Ill. 86.

The judgment was reversed, for the reason the court gave an erroneous instruction on the part of the plaintiff, and refused one of the defendants' instructions.

On a second trial, the error pointed out in the plaintiff's instruction was corrected, and the instruction asked by the defendants and before refused, was given by the court, with certain modifications, and the only question before us now to

284        P. M. & F. Ins. Co. *v.* Anapow, use, etc. [Sept. T.,

Opinion of the Court.

determine is, were such modifications, or interpolations, as appellants designate them, proper and in accordance with the views expressed by this court on the former hearing.

It will be seen, by the opinion in the case, that the instruction asked by the defendant company, and refused, was upon the point of an intermixture of the two stocks of tobacco, they contending, if there was such intermixture, the whole stock was covered by the policy effected by Michelson in the Illinois Mutual Fire Insurance Company.

This court said there could be no controversy on that point; that a policy of insurance upon a stock of goods which is being constantly sold and constantly replenished, covers as well the new purchases as those on hand at the date of the policy. The question in the case was, whether the Anapow tobacco did, upon its purchase by Michelson, or at any time before the fire, become a part of his stock, and thereby fall under the protection of his policy. Whether it thus became a part of his stock, was a question of fact for the jury, and should have been submitted to them, and on that point the case should have been made to turn.

To meet these views of this court, the defendant company, on the second trial, asked this instruction, without the words in *italics :*

" The jury are instructed that a policy of insurance upon a stock of goods [*which is constantly sold and constantly replenished*] covers, as well, the additions made from time to time, after the insurance is effected, as those then on hand ; and if the jury believe, from the evidence, that Michelson added the goods which he bought of Maria Anapow, to the stock of goods which he owned in the store No. 232 Randolph street, Chicago, so that the Anapow goods became a part of his stock, [*from which sales were to be made as from the other stock, and*] which was covered by the insurance which he had effected in his own name in the Illinois Mutual Fire Insurance Company, then the Anapow goods became a part of his stock covered by

the latter insurance, and it was the duty of Michelson to notify the defendant of the insurance which he had thus effected in the Illinois Mutual Fire Insurance Company, and have such insurance endorsed upon his policy sued on in this cause; and unless the jury believe, from the evidence, that such notice was given, and such endorsement made, they will find for the defendant."

The question is, should the instruction have been given as asked?

Counsel for appellants say the instruction was drawn with special reference to the ruling in the case which we have quoted, and contends it would, if given as drawn, have left the precise question for the jury to determine, but that the interpolation of the words, " from which sales were to be made as from the other stock," necessarily destroyed, in the minds of the jury, whatever presumption the defendants were entitled to as to the effect of Michelson's purchase and his intentions.

The question for the jury was, not whether Michelson became the owner of the Anapow tobacco, but did it become a part of his stock in trade, from which he was constantly selling, and was constantly replenishing? If so, it was covered by his policy in the Mutual. It was therefore proper, and within the true spirit and meaning of what we had said in the case, that the jury should find, to make it a part of his stock in trade, that he was selling from it as from the other stock covered by the insurance. It was in that sense only it could be considered such stock as was covered by his own policy.

We think the interpolation was proper, and affirm the judgment, believing the evidence sustains the verdict.

*Judgment affirmed.*