THE AMERICAN CENTRAL INSURANCE COMPANY

*v.*

LOUIS B. ROTHCHILD.

1. INSURANCE—*construction of provisions of policy.* Where a policy of insurance provides that, in case of loss, the assured shall produce the certificate of an officer nearest to the place of the fire, etc., and there are several officers in the same immediate neighborhood, the certificate of any one of them will be a sufficient compliance with the requirement of the policy, and a distance of a few yards more or less from the scene of the fire, will not be regarded as a matter of any importance.

2. SAME—*what property is covered by policy on stock of goods.* A policy of insurance upon a stock of goods to be sold and replenished, covers as well the additions made from time to time after the insurance was effected as those on hand when the policy was issued.

3. INSTRUCTIONS. Where, in a suit upon a policy of insurance, the policy is set out according to its legal effect, and the performance of every material fact necessary to enable the plaintiff to recover is specifically averred, it is not improper for the court to instruct the jury that, if the facts alleged in the declaration have been proved, the plaintiff is entitled to recover, unless defendant has established, by a preponderance of the evidence, some one or more of the special defenses pleaded.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. AMOS WATTS, Judge, presiding.

This was an action brought by appellee against appellant, upon a policy of fire insurance, to recover for property destroyed by fire and covered by the policy sued on. One of the conditions of the policy was, that the insured, upon sustaining loss, should produce a certificate under the hand and seal of a magistrate or notary public nearest to the place of the fire, not concerned in the loss as a creditor or otherwise, nor related to assured, stating that he has examined the circumstances attending the loss, etc.

Messrs. W. STOKER &. SON, and Mr. W. W. WILLARD, for the plaintiff in error.

Mr. HENRY C. GOODNOW, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

We will enter into no calculations to ascertain whether the office or residence of the officer who made the certificate of loss, as required by the 9th condition of the policy, was a few feet nearer or more distant from the exact point where the fire occurred, than that of another notary or justice. It is sufficient if it appears the certificate was made by an officer of the character designated residing in the same locality. That is all this condition in the policy requires, when given a common-sense construction. Where there are several officers residing in the same immediate neighborhood, all of whom are competent to make the certificate of loss, that of either of them will be a sufficient compliance with the conditions of the policy, and a distance of a few yards more or less from the scene of the fire will not be regarded as a matter of any importance whatever. In this case the contiguity of the officer is sufficiently proven. *Peoria M. and F. Ins. Co.* v. *Whitehill,* 25 Ill. 466.

The policy of insurance was set out in the declaration according to its legal effect, and the performance of every

material fact necessary to enable plaintiff to recover was specifically averred. It was not improper, therefore, for the court to state the proposition as it did in the first instruction, that, if the facts alleged in the declaration were proven, plaintiff was entitled to recover, unless defendant had established, by a preponderance of the evidence, some one or more of the special defenses pleaded.

Without approving the phraseology of the instruction, it was the assertion of the truth of a matter about which there could be no controversy. It was, if plaintiff had proven his entire case, and nothing was proven against it, he was entitled to recover.

The principle asserted in the fourth charge, viz: that a policy of insurance upon a stock of goods which was to be sold and replenished, covers as well the additions made from time to time after the insurance was effected, as those on hand when the policy was issued, is fully warranted by the former decisions of this court. *Peoria M. and F. Ins. Co.* v. *Anapow*, 45 Ill. 86; *Same* v. *Same*, 51 Ill. 283. In the form given, it was applicable to plaintiff's theory of the case, and if any modification of the doctrine stated was necessary to make it applicable to the facts of the case, as defendant understood them, it was for him to ask for it, and no doubt the court would have readily made such modification. Plaintiff, no doubt, believed his case, as proven, came within the general rule upon this subject, and he was not bound in the first instance to state exceptionable cases. That was a matter of defense.

The special defenses relied upon to defeat the action were all submitted to the jury under instructions sufficiently accurate to enable them to comprehend the issues involved. Upon all these special issues of fact, the evidence was quite conflicting, and much of it irreconcilable.

Whether plaintiff set on fire his storehouse, with a purpose to destroy the goods insured, was a question of fact fairly submitted as one of the contested points in the case. While it must be conceded there are some circumstances proven that cast suspicion upon the fairness of plaintiff's conduct, there

are other facts, about which there can be no controversy, that seem inconsistent with the theory of the case, that plaintiff set fire to his property to secure the insurance money. The same may be justly said in regard to the other special defenses attempted to be made.

Upon the whole case, we can not say the verdict is so much against the weight of the evidence as would justify a reversal of the judgment. One thing is apparent. From the time the loss occurred, it seems defendant set about adopting plans to defeat a recovery, indulging in all manner of technical objections not affecting the merits of the case, and very much damaging whatever real defense it may have had to the action. Had the company waived all these minor objections, and placed the defense in the first instance upon the ground plaintiff had destroyed his own property, to enable him to recover the insurance money, it would have given the defense now so persistently insisted upon, much more the appearance of sincerity.

On the trial, plaintiff's conduct and motives were severely assailed, and every act and every circumstance tending in the slightest degree to inculpate him, was pressed upon the attention of the jury with great earnestness and persistency, but the finding was against the defendant upon all the issues of fact made.

Under the uniform rule of practice that prevails, that, where no material errors appear in the instructions, and the evidence is conflicting, the verdict must be permitted to stand, unless it appears the jury must have so clearly misjudged as to the weight of the testimony as to do great injustice, we do not see how we can disturb the conclusion reached, whatever might have been our views of the case had it been submitted to us as an original question; nor does anything appear to justify the inference the jury must have been actuated by passion or prejudice.

The judgment will be affirmed.

*Judgment affirmed.*