## McQueeny v. Phœnix Insurance Company.

1. INSURANCE: *Against fire: When contract entire.*

   When a gross sum is paid as the premium for an insurance against fire, the policy constitutes an entire contract although the amount for which it issues is apportioned to distinct items.

2. SAME: *Same: "Premises" insured.*

   Two houses situated thirty feet apart but in the same inclosure, were insured for separate sums in consideration of the payment of a gross premium. The policy contained the following clause: "If, during this insurance, the above mentioned premises shall become vacant or unoccupied, * * * then and from thenceforth, so long as the same shall continue vacant or unoccupied * * * this policy shall cease and be of no force. * * *" HELD: That the two houses comprised the "premises" insured, within the meaning of the policy, and so long as either of them was occupied the policy was not suspended.

APPEAL from *Garland* Circuit Court.

J. B. WOOD, Judge.

*L. Leatherman,* for appellant.

The two houses comprised the premises, and so long as either house was occupied, the premises were not vacant. The contract was entire and the consideration in gross, and hence not apportionable. See *28 Am. Rep., 116; 77 Am. Dec., 244; 78 Ill., 167; 32 N. Y., 405; 59 N. Y., 387; 38 Am. Rep., 195 ; 72 N. Y., 118 ; 8 Atl. Rep., 424; 34 Am. Rep., 106 ; 30 N. W. Rep., 808, 862.*

No proof of loss was necessary. Denial of liability waives proof of loss. *13 West. R., 47; 8 S. W. Rep., 453; 6 Bush., 652; 30 Pick., 389; 111 Mass., 110.*

HEMINGWAY, J. The appellant brought suit against the appellee upon a policy of insurance, whereby, in consideration of a stated premium, it insured him against loss by fire in the sum of $1000, the amount being apportioned as follows: $600 upon a residence and $400 upon a frame house held to let. It was alleged and admitted, that both houses were destroyed by fire during the term of the policy.

The policy contained the following clause: "If, during this insurance, the above mentioned premises shall become vacant or unoccupied, or if the occupation or the possession of such premises is changed, except as herein specially agreed to in writing upon this policy, then and from thenceforth, so long as the same shall continue vacant or unoccupied, or shall be so appropriated, applied or used, this policy shall cease and be of no force and effect."

The two houses covered by the policy were about thirty feet apart and in the same enclosure. At the time of the fire one was occupied by the assured as a residence, while the other was unoccupied.

The company paid the loss on the residence, but declined to pay the loss on the other house because it was vacant; the assured instituted this suit to recover the loss upon the latter house. The controversy depends upon the construction of the clause recited.

The appellant contends that the two houses comprised the premises within its meaning, and that the premises were occupied so long as either house was occupied.

The appellee contends that each house comprised separate premises within its meaning, and that upon either house becoming vacant, the insurance upon it was suspended. The court sustained the contention of appellee, and this raises the only question presented for our consideration.

The appellee insured two houses for separate sums. The consideration paid was a gross sum. The rate of insurance is

not disclosed; whether it was the same upon each house or different does not appear.

The construction of this and similar clauses in policies of insurance have often received judicial consideration, and there is perhaps no question upon which the conflict between different courts is more clearly defined. An examination satisfies us that the cases decided in different courts cannot be harmonized, and we have attempted to ascertain and follow those most in consonance with correct principle.

The learned judge who tried this cause, following one line of decision, seems to have considered that the clause should be construed in the same way in this contract, as a like provision would be construed in a several policy on each of the subjects insured. In other words, that the contract though entire in form is divisible in substance. That it was competent for the parties to make such a contract is conceded. That they so intended is not obvious from the clause under consideration. The natural significance of the terms employed is, that if the entire premises should become vacant the entire policy should cease during such vacancy. If the parties had intended to make a separate contract as to each subject of the contract, their purpose might have been easily accomplished by saying that if the premises or any part thereof should become vacant, the insurance, *pro tanto*, should cease. Such intention is often so manifested in similar policies, and we see no reason why it would not have been done in this case, if it had been entertained.

Mr. Parsons says: "If the consideration to be paid is single and entire, the contract must be held to be entire, although the subject of the contract may consist of several distinct and wholly independent items." *2 Parsons on Contracts, p. 519; Johnson v. Johnson, 3 B. & P., 162; Miner v. Bradley, 22 Pick., 457.*

In the case of *McClurg v. Price, 59 Penn. St., 420,* it is said: "If the consideration is single the contract is entire, whatever

the number or variety of the items embraced in its subject."

Our attention is called to no case in which the correctness of this statement of the general rule is denied or questioned. It has been stated and approved by many authors and courts.

But it is said that, "A policy of insurance is a contract so different from those in which these general rules have been laid down, that it is doubtful whether they can be applied to this peculiar contract, or in what manner the application of them should be made." *Quarrier v. Peabody Ins. Co., 10 W. Va., 530.* In what the difference consists, or why those general rules which the wisdom of our jurisprudence has formulated to govern in the consideration of contracts should not be applied in construing insurance policies, is not stated nor apparent to us. We can see no good reason why a contract, which, if made between individuals, would be entire, should be divisible if made between an individual and an insurance company.

1. INSUR-ANCE:' When contract entire.

Mr. Wood and Mr. May each seemed to think that the general rule applies to insurance policies, and that where the amount of insurance is apportioned to distinct items, but the premium paid is gross, the contract is entire. *May on Insurance, secs. 189, 277; Wood on Insurance, vol. 1, p. 384.*

This view is sustained by the courts of last resort in the States of Maine, Massachusetts, Pennsylvania, Maryland, Virginia, Wisconsin, Michigan and Minnesota. It receives support from the courts of New Hampshire and Vermont, although not expressly approved by them ; and the Supreme Court of West Virginia, in a case much like the one before us, held the contract entire. *Day v. Charter Oak Ins. Co., 51 Me., 91; Lovejoy v. Augusta, 45 Me., 472; Richardson v. Maine Ins. Co., 46 Me., 394; Friesmuth v. Agamon Ins. Co., 10 Cush., 587; Kimball v. Howard Ins. Co., 3 Gray, 583; Gottsman v. Ins. Co., 56 Penn. St., 210; Fire Assn of Phila. v. Williamson, 26 Penn. St., 196; Associated F. Ins. Co. v. Assum, 5 Md., 165; Bowman v. Franklin Fire Ins. Co., 40 Md., 620; Moore v. Virginia Fire Ins., Co., 28 Gratt. (Va.), 508; Hinman v. Hartford Ins. Co., 36*

*Wisc., 159; Schumitsch v. Am. Ins. Co., 48 Wisc., 26; Ætna Ins. Co. v. Rash,, 44 Mich., 55; Plath v. Minn. Ins. Co., 23 Minn., 479; McGowen v. Peoples Mut. F. Ins. Co., 54 Vt., 211; Baldwin v. Hartford Ins. Co., 60 N. H., 422; Bryan a. Peabody Ins. Co., 8 W. Va., 605.*

Opposed to this view we find decisions of the courts of last resort in the States of New York, Illinois, Missouri, Kentucky and Nebraska, and the decision before referred to in *Quarrier v. Peabody Ins. Co., supra; Merrill v. Ag. Ins. Co., 73 N. Y., 462; Peoria, etc., v. Aunpaow, 51 Ill., 283; Phœnix Ins. Co. v. Lawrence, 4 Met. (Ky.), 9; Koontz v. Hannibal, etc., 42 Mo., 126; Loenher v. Home Mutual Ins. Co., 19 Mo., 628; State Ins. Co. v. Schreck, 43 N. W. Rep. 340.*

The force of the Kentucky case is much impaired by the fact that it relied on the case of *Clark v. The New England Ins. Co., 6 Cush. (Mass.), 342,* which has never been followed in its own State, but impliedly overruled in several later cases.

The New York Supreme Court had held such contracts entire, before the case of *Merrill v. Ag. Ins. Co., supra,* was decided; *Smith v. Empire Ins. Co., 25 Barb., 497;* and since then the Superior Court of the State has held such a contract entire. *45 N. Y. Superior Ct., 402.*

The decision of *Merrill v. Ag. Ins. Co., supra,* is placed upon the fact that there was a separate valuation of the subjects of insurance. It is more reasonable, we think, to hold that the sole effect of the apportionment of the amount of insurance to the different subjects insured is to limit the extent of the insurer's risk, upon each item, to the amount named. It cannot be said to make a several contract as to each subject of insurance, for a consideration is necessary to each contract, and the consideration being in gross, there is no way to apportion it to the several contracts so as to sustain each by its proper consideration. It would not do to apportion it according to the amount of the risk upon the different items,

for it is not true that the rates are uniform, but they vary according to the hazard of the risk.

This court, in the case of *Jackson v. Jones, 22 Ark., 158*, held a contract to sell 1500 bushels of wheat at 40 cents per bushel to be an entire contract. There the subject of the contract was divisible and the consideration apportionable; but the parties had manifested a desire to make one contract and not 1500, and the court declined to substitute, by construction, other contracts for the one made by them. That contract was much more favorable to the contention of the appellee than the one we are considering. Undertakings of the appellee are divisible and might be the subject of several contracts; but the consideration paid by the appellant was not divisible upon any basis disclosed by the contract, and there could not be a division into several contracts unless there could be an apportionment to each of its consideration.

2. SAME: Same.   Determined by the ordinary rules, this contract was entire. We see no reason why it should be determined by any other rule. As it was entire, the two houses comprised the premises, and so long as one of them was occupied the policy was not suspended.

The judgment is reversed and the cause remanded for a new trial.