## Pennsylvania Company v. Sarah Cohen.

1. Instructions—*Directing Jury How to Find, etc.*—The giving of an instruction that if the jury believe from the evidence that the plaintiff has made out his case as charged in his declaration, the jury should find for him, has been repeatedly sanctioned by the Supreme Court.

2. Presumptions—*Actions for Lost Baggage.*—In an action against a carrier for the loss of goods from a trunk, evidence that the trunk became and was broken while in the possession of such carrier, is such evidence as, unexplained, warrants an inference that the articles lost from the trunk were lost at the time of such breakage.

3. Witness—*Not to be Impeached by the Party Calling Him.*—A party can not impeach the character of his own witness, or overcome his testimony by a mere denial of its truthfulness by counsel.

**Trespass on the Case,** for lost baggage. Appeal from the Superior Court of Cook County; the Hon. Arthur H. Chetlain, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 29, 1896.

George Willard, attorney for appellant.

Byam & Weinschenk, attorneys for appellee.

Mr. Justice Waterman delivered the opinion of the Court.

This was an action by a passenger to recover for lost baggage.

The defendant introduced much evidence tending to show that, although the plaintiff's trunk was found to be in a

broken condition while in appellant's possession, yet nothing was lost therefrom during the time appellant had charge of the same.

Upon this question of fact we are not disposed to disturb the finding of the jury, approved as it has been by the judge before whom the cause was tried.

Appellant asked for four instructions, in each of which the jurors were to be told that unless they were " able to determine and believe from all the evidence, and upon their oaths," certain things, they should find for the defendant.

It is sufficient in a jury trial that the jury believe from the evidence; such belief authorizes them to find as to disputed questions of fact.

The jury do, for the purposes of the issue, determine questions of fact, but they do so under the instructions of the court, upon their belief from the evidence.

Nor ought the jury to have been instructed, as requested by the defendant, that the burden of proof was upon the plaintiff to show that the Pennsylvania Company negligently caused the trunk to be broken. It was sufficient, in this regard, if the jury believed from the evidence that the trunk was broken through the negligence of the defendant.

The remarks of the plaintiff's counsel, while irrelevant and unfair, were not so objectionable as to warrant a reversal of the judgment.

The jury was fairly instructed, and the judgment of the Superior Court is affirmed.


Mr. Justice Waterman on rehearing.

Upon petition for a rehearing our attention is called to the fact that evidence spoken of by this court as having been introduced by the defendant, was offered by the plaintiff. We were misled by the fact that the numerous depositions taken on behalf of the defendant were read in evidence by the plaintiff.

The Supreme Court of this State has repeatedly sanctioned the giving of an instruction that if the jury believe from the evidence that the plaintiff has made out his case as

charged in his declaration, then the jury shall find for him. Am. Cent. Ins. Co. v. Rothschild, 82 Ill. 166; O. & M. Ry. Co. v. Porter, 92 Ill. 437.

It is not within our province to reverse such holding.

It was not necessary in such instruction to limit the right to recover to the amended declaration; the cause was tried upon the entire declaration.

The counts first filed were sufficient to sustain the verdict, no objection thereto on account of variance having been made.

Evidence that the trunk became and was broken while in the possession of the defendant, was such evidence as, unexplained, would warrant an inference that articles lost from the trunk were lost therefrom at the time of such breakage.

It is the case that a party can not impeach the character of his own witnesses, or overcome their testimony by mere denial by counsel of its truthfulness. In the present case the plaintiff made no attempt to impeach the character of any of her witnesses; her counsel did criticise the testimony of one, by reference to what the witness did not say. Counsel carefully refrained from accusing the witness of speaking untruthfully.

The thirteenth instruction asked by defendant might properly have been given; if error to refuse it, it was not of so grave a nature as to require a reversal of the judgment in this case, in which the preponderance of the evidence is clearly with the plaintiff. Judgment affirmed.