## EAGLE v. TERRELL.

### Opinion delivered June 6, 1910.

1. APPEAL AND ERROR—CONCLUSIVENESS OF CHANCELLOR'S FINDING.—A chancellor's finding of facts will be sustained on appeal unless clearly against the weight of the evidence. (Page 436.)

2. EQUITY—JURISDICTION IN PROBATE MATTERS.—Where an administrator was holding lands of the estate as such and accounting for their rents in the probate court, it was not error for a court of chancery to refuse to hold him liable as trustee therefor. (Page 436.)

3. ADMINISTRATION—POWER OF ADMINISTRATOR TO PURCHASE AT CHANCERY SALE.—Where property of a decedent is sold by a commissioner under order of the chancery court, the administrator can not lawfully purchase at the sale, whether he procured it to be made or not. (Page 437.)

Appeal from Lonoke Chancery Court; *John E. Martineau,* Chancellor; affirmed.

#### STATEMENT BY THE COURT.

Foster Terrell owned lands in Lonoke County, Arkansas, consisting of his homestead and lands adjoining, in all 322½ acres, with 238 acres in cultivation. Foster and his wife executed a deed of trust on the land to the Arkansas Loan & Trust Company to secure an indebtedness of $1,300. Foster Terrell died in 1894, leaving his wife and ten children surviv-

ing him. Some of the children were minors. The wife died some two years later. W. L. Terrell, a son, was appointed administrator in 1897. He died in 1901, while his final settlement as administrator was pending. In March, 1901, appellant became administrator of the Foster Terrell estate. Appellant had purchased the interest of five of the heirs before he became administrator. In May, 1902, appellant purchased the interest of another heir. In July, 1901, suit was instituted to foreclose the mortgage. Appellant in his capacity as administrator, and also as an individual, was a party defendant. The heirs and trustee, were also made parties. A guardian *ad litem* was appointed for the minor heirs, and he filed proper answer for them. There was a decree of foreclosure, and a commissioner was appointed to make the sale, and he did so according to the terms of the decree. At public auction July 5, 1902, appellant was the highest and best bidder, and the land was sold to him for $1,400.

The commissioner reported the sale to the court, and executed a deed to appellant, and the sale was confirmed, and the deed approved November 18, 1902. Four days later (November 22, 1902) appellant sold the same land to Frank Barton for a consideration of $6,600 on a credit of five years, evidenced by notes of $1,320 each, payable annually and bearing six per cent. interest. Thereafter the heirs of Terrell instituted this suit, and in their complaint recited the above facts, and alleged various affirmative acts and delinquencies on the part of appellant in the management of the estate of Terrell and connected with the foreclosure proceedings which they claimed rendered appellant liable to them for rent of the land during his administration and for the purchase money as shown by his sale of same to Barton. They also alleged that his purchase of their interests from certain of the heirs was void on account of concealments and misrepresentations. There was a demurrer to the complaint on the first hearing, which was sustained by the trial court; and on appeal we held that the complaint was sufficient to hold appellant as trustee. *Terrell* v. *Eagle*, 85 Ark. 140. After the cause reached the lower court on remand, appellant answered, denying specifically each and every allegation of the complaint. The cause was heard upon the depositions and documentary evidence adduced, and the court decreed "that Geo.

W. Terrell, Mattie White, James Terrell, J. D. Terrell, Ellen Terrell, widow of W. L. Terrell, take nothing by their complaint, and same is dismissed, etc.," and the court found "that Thomas Terrell, Marvin Terrell and Charles Terrell are entitled to a one-tenth interest each, and William Haskins, Walter Haskins, Dan Haskins, Addie Haskins are entitled to one-tenth interest in the proceeds arising from the sale of the lands from appellant to Barton," and rendered judgment according to the finding. The appellant appealed, and appellees have cross-appealed.

*J. H. Harrod,* for appellant.

Eagle had a right to protect himself. 61 Ark. 571; Adams, Eq., 60; 2 Sugden on Ven., 887.

*T. C. Trimble, Joe T. Robinson* and *T. C. Trimble, Jr.,* for appellees.

An administrator can not buy at his own sale. 75 Ark. 185; 23 Ark. 623; 42 Ark. 25; 78 Ark. 12; 54 Ark. 62.

WOOD, J., (after stating the facts). 1. The finding of the chancellor that appellant had acquired the interest of Addie Porter, one of the Terrell heirs, and also the interest of George Terrell, another heir, is not clearly against the weight of the evidence. This was purely a question of fact, and it could serve no useful purpose to set out and discuss the evidence bearing upon the court's finding in these particulars.

2. The rents and profits of the place in controversy during the years 1901 and 1902 went into the hands of appellant as administrator. He was holding them as administrator, whether he had the legal right to do so or not, and he was accounting for them as administrator. The administration was not closed. The court did not err in refusing to take jurisdiction of these rents and profits. The probate court, having already acquired jurisdiction of these rents, is vested with ample power to grant appellees all the relief, if any, to which they may be entitled with reference to these.

3. The evidence does not warrant any finding of actual fraud on the part of the administrator (appellant) in connection with the suit to foreclose, or in connection with his purchase of the lands. But the appellant as administrator, having these

lands in possession as trustee for all parties interested in the estate, had a duty to perform with reference to them which was inconsistent with his character as purchaser for his own benefit. He was a party to the suit to foreclose, and it was his duty to make any defense to the suit that could have been made, and it was for him to determine whether there was any defense that could or should be set up to the foreclosure proceedings. Having a duty to discharge with reference to the estate and all persons interested therein, public policy will not permit him to acquire an interest, or to assume an attitude in his own behalf, that might be antagonistic to that of those whom he represents. The law will not permit him to be tempted by self-interest to neglect any duty he owes to those for whom he is trustee. Hence it is well established in this State, and generally, we believe, "that where property of a decedent is sold under order of the court, the executor or administrator can not lawfully become the purchaser." 18 Cyc. 769, 4 and note 92; *Imboden* v. *Hunter,* 23 Ark. 622; *Mock* v. *Pleasants,* 34 Ark. 63; *Culberhouse* v. *Shirey,* 42 Ark. 25; *McLeod* v. *Griffis,* 45 Ark. 505; *Hindman* v. *O'Connor,* 54 Ark. 627; *Gibson* v. *Herriott,* 55 Ark. 85; *Bland* v. *Fleeman,* 58 Ark. 84; *Montgomery* v. *Black,* 75 Ark. 184. See also *Crawford County Bank* v. *Bolton,* 87 Ark. 142.

It is wholly immaterial whether the sale at which the trustee purchases is brought about at his instance or whether it is made at the instance of another, provided he has a duty to perform with reference to the property to be sold that may be in conflict with his interest as purchaser. So it was here. It was appellant's duty to the estate to have the land bring the highest price possible. His duty as a trustee would be to do all in his power to encourage bidders, but his interest as purchaser would be to "beat down" the price and discourage competition in bidding. See *Montgomery* v. *Black, supra.*

"An administrator or executor is not allowed to purchase or speculate upon the estate confided to him for the purposes of administration." *Handlin* v. *Davis,* 81 Ky. 34; *Reeder* v. *Meredith,* 78 Ark. 111, 115.

Appellant purchased the land on a credit of three months, paying therefor the sum of $1,400. He received the commissioner's deed November 18, 1902, and four days after sold the

land to Barton for the sum of $6,600. Appellant testified that the land was worth at a cash valuation between $2,000 and $2,500. The land was appraised at $2,150. The land was sold to Barton on a credit of five years, notes being given bearing six per cent. interest, and the notes were secured by mortgage on the land. There were about two hundred acres in cultivation on the place, and there was evidence tending to prove that it had a rental value of five or six dollars per acre. The appellant sold the land to Barton in November, 1902. It was in December, 1909, when the decree was rendered. There is nothing in the record to show that appellant did not receive the full price for which he sold the lands and interest on the deferred payments. The decree of the chancellor was therefore correct.

Affirm.

HART, J., not participating.