Bobby BRATTON and Leyon BRATTON d/b/a
BUFFALO RIVER FLOORING COMPANY and
BRATTON MANUFACTURING COMPANY, INC. *v.*
ST. PAUL SURPLUS LINES INSURANCE COMPANY,
CITIZENS BANK & TRUST OF VAN BUREN,
ARKANSAS and COMMERCIAL NATIONAL BANK
OF LITTLE ROCK, ARKANSAS

CA 85-189                                    706 S.W.2d 189

Court of Appeals of Arkansas
Division II
Opinion delivered March 26, 1986

194

*Davidson Law Firm, Ltd.*, by: *Charles Darwin Davidson* and *Geoffrey B. Treece*, for appellant.

*Friday, Eldredge & Clark*, by: *Donald H. Bacon*, for appellee.

LAWSON CLONINGER, Judge. Appellants raise three points for reversal in this appeal from the trial court's dismissal of their complaint against appellee St. Paul Surplus Lines Insurance Company. We find none of their arguments persuasive, and we accordingly affirm the summary judgment granted below.

Appellants contracted with appellee insurance company to insure business property consisting of buildings and their contents at four different locations. The single premium payment was $7,392. A "Schedule of Locations" attached to the policy sets forth the value of each building insured and its contents; the combined figures amount to $528,000.

While the policy was in force, the building, machinery, and other contents situated at "location #2" in Marshall, Arkansas,

were completely destroyed by fire. The schedule valued the building at $80,000 and the contents at $140,000; appellee carrier paid appellants the combined amount of $220,000.

Appellants filed an action seeking the difference between the total policy coverage of $528,000 and the $220,000 paid, as well as damages and interest. Appellees replied that the "Schedule of Locations" limited appellants' recovery to the value assigned the property at each site. Both parties filed motions for summary judgment, and the circuit court held that the schedule imposed a recovery limit of $220,000 for the property in question. This appeal followed.

In the first of their alternative arguments for reversal, appellants contend that the trial court erred in not finding the insurance policy to be "entire" under *McQueeny v. Phoenix Ins. Co.*, 52 Ark. 257, 12 S.W. 498 (1889). Put another way, appellants are saying that the judge erred in determining that insurance on "location #2" was limited to $220,000. They quote the following sentence from *McQueeny, supra*: "If the consideration is single the contract is entire, whatever the number or variety of the items embraced in its subject." 52 Ark. at 259-260. Hence, they insist, the fact that they made a single premium payment of $7,392 entitles them to recover the amount of their actual loss sustained at the one location up to the total policy amount of $528,000.

We believe that appellants have taken the language of *McQueeny* out of context. The court in that case was addressing the issue of divisibility with respect to the breach of a part of an insurance contract. Divisibility is discussed in *Couch on Insurance* 2d, § 17.1, as follows:

> The question of divisibility or severability of insurance, this is whether the contract of insurance is entire or severable, is of great importance in determining the effect of a *breach of the contract* as to a part of the subject matter of the insurance, since, if the contract is *entire*, all of the protection will be lost if there is a breach as to any part of risk, whereas, if the contract is *severable*, it will be avoided only as to the part directly affected by or connected with the breach. (Emphasis added).

The Arkansas Supreme Court said in *Phoenix Ins. Co.* v. *Public Parks Amusement Co.*, 63 Ark. 187, 202, 37 S.W. 959 (1896):

> The fact that separate amounts of insurance were apportioned to separate items or classes of property did not make the policy divisible. The contract and risk being indivisible, the contract is entire, and any breach which renders it void as to a part of the property affects it in the same manner as to the remainder.

Omitted from appellants' brief was the following statement by the court in *McQueeny, supra*: "It is more reasonable, we think, to hold that the sole effect of the apportionment of the amount of insurance to the different subjects insured is to limit the extent of the insurer's risk, upon each item, to the amount named." 52 Ark. at 261. It is clear from a reading of both of the cited cases that divisibility and apportionment are distinct and essentially unrelated concepts; an insurance contract may be entire although the amount for which it is issued is apportioned to different items. There is no error on the trial court's part in finding the insurance coverage on "location #2" limited to the $220,000 apportioned in the schedule.

For their second point in the alternative, appellants argue that the trial court erred in not finding the insurance contract to be ambiguous, and therefore erred in not ruling in favor of the insured. Appellants cite *Aetna Cas. & Sur. Co.* v. *Stover*, 327 F.2d 288 (8th Cir. 1964), for the principle that when a policy provision is subject to more than one reasonable interpretation, the interpretation favoring the insured is adopted. Appellants assert that the ambiguity in the instant case derives from the fact that, while on the declaration page of the policy the "Description and Location of Property Covered" contains the phrase "See Schedule Attached," the "Amount of Insurance" on the same page simply states the total of $528,000, with no qualification by reference to the "Schedule of Locations."

We are unable to detect any ambiguity in the example provided by appellants. The reference to the schedule under the "Description" incorporates the apportioned amounts of coverage as a part of the listing of the items of property. In the construction of an insurance contract, different clauses must be read together and the instrument construed so that, if possible, all

of its parts harmonize. *Pate* v. *United States Fid. & Guar. Co.*, 14 Ark. App. 133 (1985). The intention of the parties is to be gathered not from particular words and phrases but from the context of the agreement as a whole. *Id.* The purpose of appellants was to obtain coverage for their business property at each of the four locations. It is not logical to believe the parties anticipated the simultaneous destruction of property at all locations; the carrier clearly set forth the limitations of coverage at each site. The trial court's holding thus merely gave effect to the intent of the parties.

Appellants' final argument in the alternative is that the trial court erred in granting summary judgment for appellee insurance company because a genuine issue of material fact existed concerning the purpose for which the schedule was included in the policy and the intent of the parties regarding it. This question, however, was not addressed below. Instead, both parties moved for summary judgment, requesting that the court determine as a legal matter whether the "Schedule of Locations" delineated the policy limits at the location in question. No issue of fact remained to be resolved.

Affirmed

CORBIN and MAYFIELD, JJ., agree.