Duke B. CLEMENT, Jr., as Successor Trustee of the Lois W. Rich Trust for Duke B. Clement, Jr., and Mary Jack Wilson *v.* Sara Rich LARKEY, as Trustee of the Jack W. Rich Marital Trust

93-226                                    863 S.W.2d 578

Supreme Court of Arkansas
Opinion delivered October 25, 1993

*The Rose Law Firm, A Professional Association*, by: *C. Brantly Buck* and *Clay H. Davis*, for appellant.

*Saxton & Ayres*, by: *Clint Saxton*; and *McDonnell Boyd*, by: *Lawson F. Apperson* and *Ross Higman*, for appellee.

TOM GLAZE, Justice. This probate court case on appeal is a companion one to a chancery court appeal (No. 93-224), and both cases, decided by the same trial judge, involve questions concerning the construction of testamentary trusts provisions in the Will of Jack W. Rich and provisions of the Will of Lois W. Rich, Mr. Rich's wife. Lois died about eleven years after her husband. As residuary beneficiaries, appellants initiated suit in this matter in Crittenden Probate Court, seeking discovery of assets held in trust, asking for assets in the Rich Marital Trust to be placed in Lois Rich's estate and further requesting an equal in-kind distribution of stock. Appellee, as trustee of the Rich Marital Trust, entered her appearance in the probate proceeding, and denied that any of the relief sought by appellants should be granted and specifically stated the probate court had no jurisdiction to distribute the assets or stock as appellants requested. Appellee then filed suit in Crittenden Chancery Court for a declaratory judgment, requesting a distribution of stock and assets in a manner which appellants subsequently opposed in their answer to appellee's petition.

The probate court decided only that the distributions of assets contained in Mr. Rich's testamentary marital trust need not pass through the estate of Lois W. Rich. None of the parties question the probate court's ruling in this respect. Appellants are concerned with the following part of the probate court's order:

> The remaining controversies between the parties with respect to the duties and/or discretion of Sara Larkey in dividing and distributing assets of the Rich Marital Trust as Trustee thereof are being resolved contemporaneously by the Chancery Court in the above-described Chancery action. *Insofar as this Court has jurisdiction of that subject matter, it adopts the Chancery Court's findings as its judgment herein.* Otherwise, this Court abstains from deciding those trust issues herein. (Emphasis added.)

The chancery court did, in fact, eventually decide those issues touching on the construction of the Richs' wills, the distribution of the assets and stock thereunder and the validity of appellee's actions making such distributions when she was both a trustee and beneficiary. However, out of an abundance of caution, appellants contend the probate court had no authority to decide issues involving the distribution of assets in this case, and insofar as the probate court indicated it did have, appellants ask us to reverse such a ruling. Appellants merely wish to be assured the relevant issues decided by chancery court in this cause are in no way obscured or prevented from being considered on appeal because of an erroneous probate order.

While we understand appellants' cautious approach, we do not read the probate judge's order to mean that the probate court was exercising jurisdiction to decide whether appellee's proposed distribution of assets and stock is valid. Appellants are correct that neither the Arkansas Constitution nor Ark. Code Ann. § 28-1-104 (1987) confers on probate courts jurisdiction to administer a trust created by a will. *See Alexander* v. *Alexander*, 262 Ark. 612, 561 S.W.2d 59 (1978). The probate court here acted properly in this matter by deferring the related trust and distribution issues to chancery court. Therefore, we affirm the probate court's decision. Having disposed of the jurisdiction issue raised in this appeal from probate court, we consider all remaining issues between the parties in the chancery court appeal, No. 93-224, *Clement* v. *Larkey*, 314 Ark. 489, 863 S.W.2d 580 (1993.)