In the Matter of the Estate of ALVIN SEIDMAN, Deceased. ROSALIND SEIDMAN, Appellant; IRWIN N. WILPON, Guardian ad Litem, Respondent.

Second Department, June 20, 1977

*Kalish & Lewis (Robert L. Lewis, Irving L. Kalish* and *Menahem Z. Gurman* of counsel), for appellant.

*Irwin N. Wilpon,* guardian ad litem *pro se.*

TITONE, J. In this construction proceeding, the surviving

spouse appeals from a decree of the Surrogate which, *inter alia,* determined that he would appoint a cotrustee with her in order to execute a trust created under the last will and testament of her late husband, Alvin Seidman. The testator named the appellant sole trustee and life beneficiary of the trust, with a power to invade the corpus for her sole use and benefit. He also conferred upon her the power to name the remaindermen of the trust amongst his descendants in her last will and testament.

The pertinent provisions of the will herein under construction are as follows:

ARTICLE THIRD

"B. The balance of my residuary estate, I give, devise and bequeath to my Trustee hereafter named, IN TRUST NEVERTHELESS to hold, manage, control, invest and reinvest, in accordance with the authority hereafter conferred, and to distribute and apply the net income and principal as follows:

"1. My Trustee shall pay the net income to my wife, ROSALIND SEIDMAN, *as long as she shall live, making such payments in monthly installments as nearly equal as is deemed practicable.* For the purpose of equalizing such income, my Trustee may create such reserves of income as is deemed necessary. *If while my wife is such beneficiary my Trustee, in her sole discretion, shall deem the income insufficient to maintain and support my wife, my Trustee may devote to her relief such portion of the principal as she deems necessary or proper in the circumstances.* \* \* \*

"C. Upon my wife's death, there shall be distributed the remainder of my trust estate *unto such of my descendants,* in such manner and proportions, and upon such limitations and conditions as my wife *shall appoint by her last will and testament."* (Emphasis supplied.)

ARTICLE SEVENTH

"A. I hereby nominate, constitute and appoint my wife, ROSALIND SEIDMAN, to be the Executrix of this my Last Will and Testament, and the Trustee of the Trust contemplated in Article Third hereof.

"B. If my wife, ROSALIND SEIDMAN, shall predecease me or *otherwise fail to qualify* as such, I hereby nominate, constitute and appoint my attorney, SANDERS I. EPSTEIN, to be the Executor herein, and *the Trustee of any trust contemplated in this Will."* (Emphasis supplied.)

The testator died survived by the appellant wife and four children. Under the residuary article of the will (art Third), she received about $200,000 outright. The balance of the residuary estate, also about $200,000, would purportedly become part of the trust mentioned in such article, but not as yet effectuated.

In her petition to construe the will, appellant maintains that she has absolute power to withdraw any and all of the trust principal for her sole use and benfit. Therefore, she rationalizes, since no specific remaindermen were provided for in article Third, but merely a right in her to appoint remaindermen from among the testator's descendants, there is a merger of legal and equitable titles; and as sole trustee-beneficiary, she has outright control and absolute ownership of the trust corpus.

In rejecting such argument, the Surrogate in effect held that the trust herein was not a dry or passive trust, since appellant was the donee of a power which was imperative and mandated her exercise of it among descendants of the testator (EPTL 10-3.4). He opined that although the appellant remained as life income beneficiary of the trust, there was no merger since the testator intended to create a testamentary trust wherein one of his purposes was to pass the corpus to the remaindermen. Therefore, concluded the Surrogate, if one person, by his nomination or by operation of law becomes sole beneficiary-sole trustee, the court should exercise its discretion by appointing a cotrustee upon the nomination of the income beneficiary and the remaindermen.

My views coincide with those of the Surrogate insofar as he concludes that appellant is not entitled to the entire residuary trust. In my opinion, the provision set forth in subdivision B of article Third of the will, permitting the trustee to devote portions of the principal to the wife's "relief" whenever income is deemed "insufficient", limits invasion of the corpus to circumstances that may arise from time to time which cannot be met by resorting solely to income from the trust. Such view is further supported by the additional direction that monthly payments of income be "as nearly equal as is deemed practicable", and the remainder be distributed to descendants of the testator under the appellant's testamentary power of appointment. Such provisions on their face manifestly prohibit dissipation of the trust corpus by the surviving spouse at her unbridled discretion. A trust shall be administered with due

regard to the respective interests of income beneficiaries and remaindermen (EPTL 11-2.1, subd [a], par [1]).

Moreover, although I also agree with the Surrogate that a cotrustee should be appointed, I do so for a different reason. Since the will invalidly conferred upon the trustee-wife the power to invade the corpus for her own benefit, the Surrogate had no need to discuss the question of merger, but had the power to appoint a cotrustee pursuant to specific statutory authority and judicial precedent.

Specifically, the invalidity of such power, and the authority of the Surrogate to appoint a cotrustee in that event, are found respectively in EPTL 10-10.1 and SCPA 1502, which provide as follows: "§ 10-10.1. Power to distribute principal or allocated income; restrictions on exercise. A power conferred upon a person in his capacity as trustee of an express trust *to make discretionary distribution of either principal* or income *to himself* * * * *cannot be exercised by him.* If the power is conferred on two or more trustees, it may be executed by the trustees who are not so disqualified. *If there is no trustee qualified to execute the power,* its execution devolves on the supreme court, *except that if the power is created by will, its execution devolves on the surrogate's court having jurisdiction* of the estate of the DONOR OF THE POWER."

"§ 1502. Appointment of trustee. 1. The court may appoint a trustee or successor or successors or co-trustee or co-trustees whenever there is *no trustee able to act* or *all* or *one of the trustees* is unable to act and a successor or *co-trustee in his or their place is necessary in order to execute the trust or execute any power created by a will, the execution of which has devolved upon the court.*" (Emphasis and double emphasis supplied.)

Thus, when reading the provision of the will giving the trustee-wife the power to invade the corpus, in the light of the statutory provisions set forth above, appellant may not exercise any discretionary power as trustee to invade the corpus for her own benefit; and the Surrogate has the statutory power to direct that a cotrustee be appointed to pass upon any requests by her in that regard (see *Rogers v Rogers,* 111 NY 228; *Matter of Peabody,* 198 Misc 505, affd 277 App Div 905). A trustee who is also beneficiary and who is given a power or discretion to invade the trust principal for the accomplishment of the settlor's purpose, has a fiduciary obligation to the remaindermen to confine his trustee's demands within reason-

able limits. Such a trustee-beneficiary is subject to a statutory provision that a power, vested in a person in his capacity as trustee of an express trust to distribute principal to himself may not be exercised by him, but only by a cotrustee not so disqualified, or by a court; and this has also been held to be the rule in the absence of statute (90 CJS, Trusts, § 349).

It should be noted that under subdivision B of article Seventh of the will, the testator directed, *inter alia,* that his attorney, Sanders I. Epstein, be appointed trustee should his wife "fail to qualify" as such. Therefore, since the appellant is statutorily prohibited from exercising any power to distribute trust principal to herself, the proceeding is remitted to the Surrogate's Court with a direction that Epstein be appointed cotrustee for the purpose of passing upon any requests by appellant for such trust assets. If Epstein refuses to so qualify then the Surrogate should appoint any other qualified person or corporation for such purpose. As so modified, the decree is affirmed.

Margett, J. P., Shapiro and O'Connor, JJ., concur.

Decree of the Surrogate's Court, Kings County, dated December 1, 1976, modified, on the law, by deleting the third and fourth decretal paragraphs thereof. As so modified, decree affirmed, with separate bills of costs to appellant and respondent payable out of the estate, and proceeding remitted to the Surrogate's Court for the appointment of a cotrustee in accordance with the opinion of Mr. Justice Titone.