Duke CLEMENT, Jr., as Successor Trustee of the Lois W. Rich Trust for Duke B. Clement, Jr. and Mary Jack Rich Wilson *v.* Sara Rich LARKEY, as Trustee of the Jack W. Rich Marital Trust

93-224 863 S.W.2d 580

Supreme Court of Arkansas
Opinion delivered October 25, 1993

██

 

*Rose Law Firm*, by: *Phillip Carroll, C. Brantley Buck* and *Clay H. Davis*, for appellants.

*Saxton & Ayres*, by: *Clint Saxton* and *McConnell Boyd*, by: *Ross Higman* and *Lawson F. Apperson*, for appellee.

DAVID NEWBERN, Justice. This is an appeal from a ruling of the Crittenden Chancery Court concerning the ownership and distribution of shares of stock in Guaranty Loan and Real Estate Co. (Guaranty). Guaranty is a close corporation. Stock in the corporation is held by Sara Rich Larkey as trustee of the Rich Marital Trust (Trust).

Ms. Larkey sought a declaratory judgment, to determine whether her proposed distribution of the Trust corpus would constitute an abuse of her discretion as trustee. Duke B. Clement, Jr., appeals from the Chancellor's ruling that Ms. Larkey's proposed distribution will not constitute an abuse of discretion. We affirm the Chancellor's decision.

Jack W. Rich, during his lifetime, gave stock in Guaranty to each of his two children, Sara Rich Larkey and Mary Jack Rich Wilson, and to their children, J.E. Norfleet, Jr. (Ms. Larkey's son), and Duke Clement, Jr. (Ms. Wilson's son), and in 1976 to Mary Jack Rich Wilson's husband, Duke Clement, Sr., who has since died. The gift to Duke Clement, Sr., placed 150 more shares of stock on Ms. Wilson's side of the family than on Ms. Larkey's side. Ms. Wilson inherited those shares from Duke Clement, Sr.

Jack W. Rich died. By his will he established a marital trust in favor of his widow, Lois W. Rich. When this litigation arose Lois W. Rich was deceased. Ms. Larkey is the trustee of the Rich Marital Trust.

Shares of Guaranty are now held as follows:

SARA RICH LARKEY - 45,475 shares in her own right

MARY JACK RICH WILSON - 45,625 shares in her own right, 150 of which she inherited from her deceased husband, Duke Clement, Sr.

J.E. NORFLEET, JR., (Sara Rich Larkey's son) - 1,427 shares from a trust established by Lois W. Rich plus 150 shares in his own right.

DUKE CLEMENT, JR., (Mary Jack Wilson's son) - 1,427 shares from a trust established by Lois W. Rich plus 150 shares in his own right.

RICH MARITAL TRUST (Sara Rich Larkey, trustee) - 12,505 shares.

In his will, Jack W. Rich gave Lois W. Rich a power of appointment over the assets of the Trust. In the residuary clause of her will, Lois W. Rich indicated her intent that assets over which she had such a power be distributed to other trusts she had established for her grandsons, J.E. Norfleet, Jr., and Duke B. Clement, Jr., in an "amount equal to the maximum amount allowable under the per grandchild exemption of [Internal Revenue Code] Section 1433. . . ." The parties do not contest the proposition that Lois W. Rich thus exercised her power of appointment with respect to the assets of the Trust. In *Clement* v. *Larkey*, (No. 93-226), we concluded that the Trust was not a part of the residue of Lois W. Rich's estate, and thus the Crittenden Probate Court properly left the matter of distribution of the Trust assets to the Chancellor.

Ms. Larkey proposed to distribute the Trust corpus to Duke B. Clement, Jr., and to J.E. Norfleet, Jr., as follows:

J.E. NORFLEET, JR. (Sara Rich Larkey's son) - 6,327.5 shares.

DUKE B. CLEMENT, JR. (Mary Jack Wilson's son) - 6,177.5 shares plus cash in place of the shares he would have received in an equal, in kind distribution.

Duke B. Clement, Jr., protested, arguing that an unequal distribution of shares would amount to an abuse of discretion on the part of Ms. Larkey and a violation of her duty of loyalty to the beneficiaries.

The Chancellor, on joint motions for summary judgment, held that the proposed distribution did not amount to an abuse of discretion.

## 1. *Abuse of discretion*

The authorization for disbursement by the trustee could hardly be broader. The Trust instrument created in the will of Jack W. Rich provides:

> The trustee . . . and the successors . . . are expressly authorized and empowered, at any time and from time to time:
>
> \*\*\*
>
> (11) [T]o make such division or distribution in kind or in money, or in part in kind or in part money, and the apportionment and division by my trustee, both as to valuations and as to specific properties shall be final and determinative.
>
> \*\*\*

Duke B. Clement, Jr., acknowledges the broad grant and that a distribution in kind and in cash is not directly prohibited. He points, however, to the language in the residuary clause of Lois W. Rich's will which directs that an "amount equal to the maximum amount allowable under the per grandchild exemption . . ." shall be distributed to each of the Norfleet and Clement Trusts. From this he argues that an unequal in kind distribution is not authorized. He argues further that the trustee's duty of loyalty and impartiality are violated in this instance because the trustee proposes to benefit her son and herself. Clement then points out that a court can interfere with the exercise of the trustee's discretion to prevent an abuse of that discretion. *Deal* v. *Huddleston*, 288 Ark. 96, 702 S.W.2d 404 (1986); Restatement (Second) of Trusts § 187 (1959), and other cases are correctly cited for that proposition.

The fact of a coincidental benefit to a trustee is, however, not alone sufficient to establish an abuse of discretion on the part of the trustee; it is rather one factor to be considered in determining the question. Comment g of Restatement § 187 discusses the improper motivation of a trustee as follows:

> The court will control the trustee in the exercise of a power where he acts from an improper even though not dishonest motive other than to further the purposes of the

trust. Thus, if the trustee in exercising or failing to exercise a power does so because of spite or prejudice or to further some interest of his own or of a person other than the beneficiary, the court will interpose. Although ordinarily the court will not inquire into the motives of the trustee, yet if it is shown that his motives were improper or that he could not have acted from a proper motive, the court will interpose. In the determination of the question whether the trustee in the exercise of a power is acting from an improper motive the fact that the trustee has an interest conflicting with that of the beneficiary is to be considered.

It is permissible for one of several trustees or a sole trustee also to be one of several beneficiaries of a trust, even though conflicts of interest and coincidental benefits to that trustee-beneficiary inevitably result. Restatement (Second) of Trusts § 99 (1957). In *Reeder* v. *Meredith*, 78 Ark. 111, 93 S.W. 558 (1906), we recognized that a trustee, by virtue of his or her relationship to the beneficiaries of a trust, must assume the burden of proving the fairness of a transaction with the beneficiary of the trust which also benefits that trustee.

In determining whether Ms. Larkey has sustained her burden, we look to the evidence which was before the Chancellor when he granted Ms. Larkey's motion for summary judgment.

Ms. Larkey presented an affidavit of Christopher Mercer, a financial analyst, which showed that an equal, in kind distribution of the stock would result in the creation of a majority control block of shares in the Clement side of the family. This 50.1% controlling interest would result in that block of shares having a value of $173.00 per share while the value of the minority block thereby created would have a value of $69.00 per share. The conclusion of the analyst was that an equal, in kind distribution would result in Duke B. Clement, Jr., receiving stock substantially more valuable than that received by J.E. Norfleet, Jr.

Duke B. Clement, Jr., seeks to discredit Mr. Mercer's valuation of the shares by pointing out that the Internal Revenue Service would not aggregate stock in this fashion to establish a value and that such an aggregation would not be proper in valuing the shares for the purpose of dissolution of the corporation, but neither of these valuation methods is relevant in this case. The

corporation is an on-going concern, and there is no indication that the enterprise basis of valuation reflected in Mr. Mercer's affidavit is improper under these circumstances.

As in *Mt. Olive Water* v. *Fayetteville*, 313 Ark. 606, 852 S.W.2d 309 (1993), the Court was presented with a clear evidentiary basis for its conclusion, and the question became whether, if true, all the appellant's counter-assertions concerning that evidence were sufficient to raise an issue of material fact with respect to the basis of the expert's opinion.

We agree with the Chancellor that Duke Clement, Jr.'s assertions did not raise an issue of fact. The trustee in this instance was confronted with a situation where an equal distribution of stock in kind could harm one beneficiary and benefit the other but a distribution as proposed could benefit both beneficiaries equally in terms of the value of the stock.

From the other point of view, it could be said that the real issue is control of the corporation, and by equalizing the number of shares held by each "side" of the family the group now headed by Mary Jack Rich Wilson and her son, Duke B. Clement, Jr., will be deprived of the lead it now has by virtue of its ownership of 150 more shares than the side of the family including Sara Rich Larkey, and her son, J.E. Norfleet, Jr.

Ms. Larkey's proposal may or may not be best for the corporation's future, and thus it may or may not be best for the Riches' grandsons. But that is not the issue, and we decline to speculate on possible outcomes with respect to this distribution. The evidence before the Chancellor indicated that the family members have always cooperated in the past in the exercise of their voting privileges when it came to running the corporation. He was given no basis to believe that would change. The issue before us is whether his decision permits a violation of Ms. Larkey's duty of loyalty and impartiality.

Assuming, as we must, that the cash substitute to be paid to Duke Clement, Jr., in addition to the stock he will receive, is to be in an amount fairly compensating him, we cannot say Ms. Larkey proposes to violate her duty. There was evidence before the Chancellor in the form of Mr. Mercer's affidavit from which it could have been concluded that the creation of equality in family

stock blocks was the only way to prevent one grandson of the Riches from receiving stock valued substantially less than that received by the other. The secondary, but potentially important, issue of control of the corporation is somewhat hard to pin down in that we cannot know how the family members will behave in the future.

In these circumstances, we agree with the Chancellor's conclusion that the proposed distribution will not constitute an abuse of the trustee's discretion, any benefit to the trustee being permissible as incidental to her performance of her duties as trustee.

Affirmed.