## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

John Powell "Pat" Hall

    v.

Catharine V. P. Miller,
Executrix of the Estate of
John Powell Hall,
Deceased

March 1, 1994

Case No. CH93–363

BY JUDGE WILLIAM H. LEDBETTER, JR.

This case is before the court on a demurrer to the complainant's bill filed by the executrix of John Powell Hall's estate and on other motions and pleas in connection with the administration of the estate.

### *Facts*

John Powell Hall died October 10, 1992. His will was admitted to probate, and Catharine V. P. Miller, a local attorney, qualified as executrix of the estate.

At the time of his death, Mr. Hall was 87 years old. He is survived by his wife, Nola Hall. The list of heirs filed by the executrix shows no other heirs.

During the administration of the estate, Mrs. Hall renounced the will and claimed her elective share in the decedent's augmented estate. Later, Mrs. Hall voluntarily waived the portion of her elective share applicable to some of the legacies in the will. There is no dispute about the widow's ability to make such a limited waiver, or about what she intended by that limited waiver, or about anything else associated with that aspect of the estate administration.

On February 16, 1993, John Powell "Pat" Hall (hereinafter referred to as Pat Hall in order to distinguish him from the decedent, whose name is the same), one of the beneficiaries in the will, instituted a suit (CH93–51) against the estate claiming that he is the illegitimate son of

the decedent. In that suit, he asked the court to direct certain scientific tests to establish paternity. On April 28, 1993, that suit was dismissed by agreement of the parties.

On October 12, 1993, Pat Hall instituted another suit, the one now under consideration. In it, he again asserts that he is the son of Mr. Hall; and in that capacity, he challenges the validity of Mr. Hall's will and requests trial of the issue devisavit vel non (Virginia Code § 64.1–88). The executrix demurred listing several grounds for the demurrer as required by § 8.01–273.

One of the grounds of the executrix's demurrer is that Pat Hall is barred by Virginia Code § 64.1–5.1 from making his claim that he is the child of the decedent because he did not comply with the statutory requirements.

That statute reads, in pertinent part, as follows:

> If, for purposes of this title, a relationship of parent and child must be established to determine succession by, through, or from a person . . . .
>
> 3. No claim of succession based upon the relationship between a child born out of wedlock and a parent of such child shall be recognized in the settlement of any decedent's estate unless an affidavit by such child or someone acting for such child alleging such parentage has been filed within one year of the date of the death of such parent in the clerk's office of the circuit court of the jurisdiction wherein the property affected by such claim is located and an action seeking adjudication of parenthood is filed in an appropriate circuit court within said time . . . .

Pat Hall concedes that he never filed an affidavit. He argues that the statute does not erect a complete bar but that a court of equity should take cognizance of his claim, especially since he put everyone on notice of his claim when he filed the previous lawsuit (CH93–51) within five months after Mr. Hall's death.

Under prior Virginia law, an illegitimate child could not inherit from his or her putative father. In *Trimble v. Gordon*, 430 U.S. 762 (1977), the United States Supreme Court declared such laws unconstitutional. In response to that decision, the General Assembly in 1978 repealed the former statute and replaced it with § 64.1–5.1 and § 64.1–5.2. See *Marshall v. Bird*, 230 Va. 89 (1985).

In order for an illegitimate child to assert a claim of succession based upon his or her relationship to a putative parent, that person must file an affidavit and a suit seeking adjudication of parenthood within one year of the date of the putative parent's death (with certain specified exceptions, none of which applies here). Assuming that CH93–51, which was later dismissed by agreement, was "an action seeking adjudication of parenthood," the second requirement, i.e., an affidavit "alleging such parenthood," was never met. The language of the statute is mandatory. Because its conditions were not met and more than one year has lapsed since the death of John Powell Hall, the claim is time-barred.

For that reason, the demurrer is sustained.

If Pat Hall cannot now assert a claim of succession based on a parent-child relationship with the decedent, he cannot pursue his challenge to the will. Only "a person interested" may proceed by bill in equity to impeach a will under § 64.1–88. "A person interested" means a person interested in the estate, not in the will. If the contestant would have no interest in the estate if the will were set aside, he has no standing to institute such a suit. See 20 M.J., *Wills*, § 64.

Accordingly, the bill will be dismissed.

In light of these rulings, it is not necessary for the court to address the other grounds of the demurrer or the other motions and pleas filed by the executrix.

### *Attorney's Fees*

Next, the executrix asks the court to assess costs of this proceeding, including attorney's fees, against Pat Hall. The executrix has presented an itemization of such fees incurred as a result of this suit and the previous (CH93–51) suit.

The claim of an award of attorney's fees associated with the previous suit will be rejected. At the time that suit was instituted, the one-year period prescribed by § 64.1–5.1 had not expired, and it was possible for Pat Hall to claim succession if he complied with the statute prior to December 10, 1993. Further, the executrix agreed to the dismissal of that litigation without a request for an award of attorney's fees.

However, this suit was not filed until October 12, 1993, more than one year after the death of John Powell Hall, at a time when Pat Hall was barred from asserting a claim of succession with respect to the

estate of John Powell Hall. Therefore, equity should allow attorney's fees expended by the executrix in defending this claim. An award of $1,000.00 will be allowed, which the executrix may deduct upon distribution of Pat Hall's legacy under paragraph 6 of the will.

### Distribution

In a separate but related matter, the executrix asks the court to approve its proposed scheme of distribution. When the disbursement scheme was presented to the court at the hearing of this matter on February 22, 1994, the court found that all interested persons had received notice of the proceeding and that no person present, in person or by counsel, disagreed with the executrix's scheme (except that Pat Hall objected to a deduction of any attorney's fees from his cash legacy). Upon review, the scheme of distribution will be approved and disbursements pursuant to it will be allowed.

Mr. Beck, counsel for the executrix, will please prepare and circulate a sketch order approving the proposed disbursements, and a separate sketch order in CH93–363 sustaining the demurrer and dismissing that suit for the reasons set forth in this opinion.