[No. B077921. Second Dist., Div. Seven. June 29, 1994.]

AMMCO ORNAMENTAL IRON, INC., Plaintiff and Respondent, v. ROGER S. WING, Defendant and Appellant.

**COUNSEL**

Greenberg, Glusker, Fields, Claman & Machtinger and Michael K. Collins for Defendant and Appellant.

James M. Eisenman for Plaintiff and Respondent.

**OPINION**

**JOHNSON, J.**—In this case a judgment creditor sought an order directing the trustee of a trust to withhold sums otherwise distributable to the judgment debtor and to pay those sums to it in satisfaction of the judgment. Under the trust instrument the judgment debtor was entitled to all income from the trust for life with the power to invade principal as necessary for his support, health and maintenance. The trust instrument also gave the judgment debtor a power of appointment of the corpus of the trust at his death. In the event he failed to exercise the power of appointment, the trust instrument provided the corpus of the trust was to be divided equally between the judgment debtor's children or, if deceased, the issue of those children. At the time the judgment creditor filed its petition, the judgment debtor was the sole trustee of the trust.

The trial court concluded the judgment debtor was the sole beneficiary of the trust at a time when he was also the sole trustee of the trust. As such, the

court reasoned, the legal interests of the trust property merged into the equitable interests and vested in the same person. Based on this reasoning the court found the trust had been extinguished and that the judgment debtor took the trust property free of the trust and free of its spendthrift provision. In its amended order the trial court granted judgment allowing the judgment creditor to execute on the former trust assets without restriction.

We conclude the trial court's order failed to take into consideration the remainder interests created by the trust instrument. Because the judgment debtor was not the sole beneficiary of the trust, the doctrine of merger did not apply and the trust did not fail. We therefore hold the judgment must be reversed because the judgment creditor may not execute on the judgment debtor's interest in the trust free of the trust's restrictions on alienation.

### FACTS AND PROCEEDINGS BELOW

On August 27, 1991, respondent, Ammco Ornamental Iron, Inc. (Ammco), obtained a money judgment for $50,769.09 against appellant, Roger S. Wing (Wing) as the alter ego of his corporation, Wing Steel Services, Inc. Thereafter, Wing formed W.S.S. & Associates, Inc., whose shares were held by Wing's mother, Doris E. Wing.

On February 10, 1992, Doris E. Wing executed her last will and testament. The will appointed Wing as executor, provided for the payment of taxes and other debts through probate and directed Doris Wing's entire estate be distributed to the trustee of the D.E.W. Trust.

On the same day Doris Wing executed the declaration of trust of the D.E.W. Trust. The trust was nominally funded with $100. The trust was revocable during Doris Wing's lifetime but became irrevocable upon her death two days later. The trust provided upon her death the residue of the trust estate (including any additions by reason of Doris Wing's death), was to be set aside in trust for Wing's benefit during his lifetime.

The trust instrument provided the net income of the trust was to be distributed to Wing "or applied for his benefit, in monthly or other convenient installments, during his lifetime." In addition, the trust allowed Wing to invade principal if, in the discretion of the trustee, Wing needed additional money "for his reasonable support, health or maintenance."

Another provision of the trust granted Wing a special testamentary power of appointment of the corpus of the trust and provided for default beneficiaries in the event Wing failed to exercise his power of appointment. Article II, subdivision D of the trust instrument states:

"(1) If the Grantor's son shall survive the grantor he shall have the testamentary power to appoint any portion of his trust held hereunder at the time of his death, outright or in trust, in favor of any person or entity other than himself, his estate, his creditors or the creditors of his estate.

"(2) Upon the death of the Grantor's son, any portion of said trust not so appointed shall be divided into separate, equal shares as follows: One share for each of ROGER S. WING's children who shall be living at the time of his death, and one share collectively for the issue of any child of ROGER S. Wing's who shall then be deceased leaving issue then living."

The D.E.W. Trust was established as a so-called "spendthrift" trust to prevent access to trust assets by creditors. Article V, subdivision B of the trust instrument provides: "The interests of beneficiaries in principal or income of any trust shall not be subject to claims of their creditors or others, nor to legal process, and may not be voluntarily or involuntarily alienated or encumbered."

On February 12, 1992, and two days after executing the will and trust instruments, Doris Wing died. She was survived by Wing, her only child, and Wing's two children, Caitlin Wing and Whitney Wing, then aged six and nine respectively.

On February 24, 1992, Wing filed a petition for probate of Doris Wing's will. The will was admitted to probate on March 25, 1992, and Wing was appointed executor of the estate. Wing filed his report and petitioned for final distribution of the estate on April 22, 1993. The trust was to be funded with the residue of Doris Wing's estate. However, no distribution has yet occurred and further probate proceedings are suspended pending resolution of this case.

The trust designated Doris Wing as the initial trustee and Wing as successor trustee if Doris Wing was unable or unwilling to act as trustee. Doris Wing's nephew, Dale C. Harris, was named as successor trustee if Wing was unable or unwilling to act as trustee. Thus, Wing automatically

became successor trustee of the D.E.W. trust at Doris Wing's death. The probate court was advised of this fact on March 19, 1992.

On December 4, 1992, Ammco filed a petition to enforce its money judgment against Wing's interest in the trust (Code Civ. Proc., § 709.010;[1] Prob. Code, § 15306.5.) The petition sought an order directing the trustee of the trust to withhold certain amounts from sums distributable to Wing and to pay those amounts to Ammco until the judgment was satisfied. Under Probate Code section 15306.5 a trial court may order the trustee of a spendthrift trust to satisfy part or all of a judgment out of payments to which a beneficiary/judgment debtor is entitled, or may become entitled, in the trustee's discretion. This section, however, limits such orders to 25 percent of each payment which is or may be made to the beneficiary. Orders under this section may also be limited by an amount the court determines is necessary for support of the beneficiary and all persons the beneficiary is required to support.[2]

---

[1]Code of Civil Procedure section 709.010 provides:

"(a) As used in this section, 'trust' has the meaning provided in Section 82 of the Probate Code.

"(b) The judgment debtor's interest as a beneficiary of a trust is subject to enforcement of a money judgment only upon petition under this section by a judgment creditor to a court having jurisdiction over administration of the trust. . . . The judgment debtor's interest in the trust may be applied to the satisfaction of the money judgment by such means as the court, in its discretion, determines are proper, including but not limited to imposition of a lien on or sale of the judgment debtor's interest, collection of trust income, and liquidation and transfer of trust property by the trustee.

"(c) Nothing in this section affects the limitations on the enforcement of a money judgment against the judgment debtor's interest in a [spendthrift] trust under Chapter 2 (commencing with Section 15300) of Part 2 of Division 9 of the Probate Code, and the provisions of this section are subject to the limitations of that chapter."

[2]Probate Code section 15306.5 provides in pertinent part:

"(a) Notwithstanding a restraint on transfer of the beneficiary's interest in the trust under Section 15300 or 15301 [spendthrift trust not subject to enforcement of money judgment], and subject to the limitations of this section, upon a judgment creditor's petition under Section 709.010 of the Code of Civil Procedure, the court may make an order directing the trustee to satisfy all or part of the judgment out of the payments to which the beneficiary is entitled under the trust instrument or that the trustee, in the exercise of the trustee's discretion, has determined or determines in the future to pay to the beneficiary.

"(b) An order under this section may not require that the trustee pay in satisfaction of the judgment an amount exceeding 25 percent of the payment that otherwise would be made to, or for the benefit of, the beneficiary.

"(c) An order under this section may not require that the trustee pay in satisfaction of the judgment any amount that the court determines is necessary for the support of the beneficiary and all the persons the beneficiary is required to support.

". . . . . . . . . . . . . . .

"(e) If the trust gives the trustee discretion over the payment of either principal or income of a trust, or both, nothing in this section affects or limits that discretion in any manner. . . ."

Also in December 1992, Wing signed a written declination to serve as trustee of the D.E.W. Trust. On January 29, 1993, Dale C. Harris agreed to act as successor trustee. The probate court was apprised of these developments sometime in spring 1993.

The hearing on Ammco's petition was held on April 9, 1993. The trial court stated at the beginning of the hearing: "I spent some time on this case, and my thinking and my research has led me down an avenue that neither counsel have mentioned." After reviewing the facts and chronology of the case, the court suggested, because Wing had been both trustee and beneficiary of the trust, the doctrine of merger applied to extinguish the trust: "The way I see it, when the beneficial interest and the legal interest came together in one person by operation of law the interest merged and the interest of the defendant, Mr. Wing, is that he owns the property in the trust. [¶] His interest is to everything and the trust really no longer exists." The court continued the hearing to allow both sides to submit additional briefing on the merger issue identified by the court.

Wing argued the doctrine of merger was inapplicable. He stated he was not the sole beneficiary of the trust as his children were additional remainder beneficiaries. Wing pointed out section 99 of the Restatement Second of Trusts provides merger does not occur when one of several beneficiaries is the sole trustee of the trust. In response, Ammco argued merger had occurred and Wing should be treated as the sole beneficiary of the trust, because Wing, as sole trustee, received all trust income and had unlimited discretion to use trust principal. Ammco further argued Wing's children's were at best "contingent" beneficiaries who would have an interest only if Wing decided not to exercise his testamentary power of appointment.

On May 14, 1993, the matter was argued and taken under submission. Thereafter the court by minute order granted Ammco's petition "in its entirety" and directed Ammco to prepare and submit an order to the court. Ammco submitted a proposed order which, among other things, provided the trustee of the D.E.W. Trust was to pay Ammco 25 percent of the trust income and principal payable to Wing. The proposed order also reserved to the probate court the issue whether the legal and equitable interests in the trust property merged in Wing when he became the sole trustee and beneficiary of the trust. The court struck these provisions and others pertaining to Wing's independent assets to provide for his maintenance and support. By interlineation the court also modified the proposed order to include its finding the legal and equitable interests of the trust property merged in Wing by operation of law. As amended, the court entered judgment on this order on June 17, 1993.

In light of the court's finding Wing's legal and equitable interests in the trust property had merged and he took the property free of the trust, Ammco requested the court to modify the judgment nunc pro tunc to delete the reference to the 25 percent cap otherwise applicable to spendthrift trusts under Probate Code section 15306.5. The amended judgment directs the "trustee" or "successor trustees," if any, to pay any amounts of income or principal otherwise distributable to Wing to Ammco until the judgment in the amount of $50,769.09, with legal interest from August 1991, is satisfied.[3]

Wing appeals from the amended judgment finding the trust was extinguished and from the order directing the judgment be satisfied from former trust assets without limitation.

### I. *Because Wing Is Not the Sole Beneficiary of the Trust, the Doctrine of Merger Is Inapplicable and the Trust Did Not Terminate.*

Whether Wing's legal and equitable interests merged and the D.E.W. Trust terminated is a question of law which this court reviews de novo. (*Jongepier* v. *Lopez* (1983) 142 Cal.App.3d 535, 538 [191 Cal.Rptr. 131].)

Ammco argues the court's order directing the 1991 judgment be satisfied from former trust assets without limitation is valid. Ammco contends the legal and equitable interests in the trust property merged into one person and the trust terminated at the time Wing became the sole trustee as well as the sole beneficiary of the D.E.W. Trust.

It is without dispute the sole beneficiary of a trust cannot be the sole trustee of the trust. "It is based on the established principle that if the rule were otherwise the legal title and the entire beneficial interest would be merged in the same person who could fully dispose of the property as any other owner. In other words there would be no separation of the legal and beneficial interest and hence no trust relationship." (*Hill* v. *Conover* (1961) 191 Cal.App.2d 171, 180 [12 Cal.Rptr. 522]; Rest.2d Trusts, § 99, subd. (5), com. e., pp. 228-229 ["Where one person has both the legal title to property and the entire beneficial interest, he holds it free of trust. . . ."].)

Thus, where the legal title and the entire beneficial interest become united in a single person the trust terminates. "[W]here an equitable estate and a legal estate meet in the same person, the former is merged in the latter, if the

---

[3]It is not explained why the amended judgment refers to "trustees" or to a trust document if the legal rationale underlying the judgment was the trust was extinguished when Wing's legal and equitable interests in the trust property merged.

two estates are commensurate and co-extensive, and if the merger is not contrary to the intention of the parties." (*Nellis* v. *Rickard* (1901) 133 Cal. 617, 619 [66 P. 32]; Rest.2d. Trusts, § 341, com. (b), p. 177 ["If by operation of law the legal title to the trust property passes to the beneficiary who has the entire beneficial interest, the trust terminates and the beneficiary holds the property free of trust. . . ."]; see also 2 Scott on Trusts (4th ed. 1987) The Trustee, § 99.3, p. 53 et seq.)

██ However, these principles are inapplicable to the case at bar because Wing is not the sole beneficiary of the D.E.W. Trust.

The trust instrument grants Wing a life estate in the trust income. Upon his death, the corpus of the trust is to be distributed pursuant to his exercise of a special testamentary power of appointment. In default of such appointment, the trust instrument provides the corpus is to be distributed to Wing's children per stirpes. Thus, Wing's children, who were in existence and ascertained when the trust was created, have a remainder interest in the trust property which vested the day the trust was created. (*Otto* v. *Union National Bank* (1951) 38 Cal.2d 233, 239 [238 P.2d 961]; see also *In re Adoption of Sewall* (1966) 242 Cal.App.2d 208, 217 [51 Cal.Rptr. 367].)

Ammco acknowledges Wing's children may have a future interest in the trust property but suggests this interest is too insubstantial to be recognized and should be disregarded because it is subject to Wing's "whim" in exercising his special testamentary power of appointment. The position Ammco advocates is contrary to the established law of this state.

A remainder interest is vested, subject to complete divestment, when the remainderman is in existence and ascertained and his interest is not subject to a condition precedent, although his right to possession or enjoyment on the expiration of the prior interests is subject to termination by reason, e.g., of a power of appointment. ██ Stated another way, persons in existence, who are specifically designated in a trust instrument to take in default of the exercise of a power of appointment by the holder of the preceding estate, are beneficiaries of that trust and acquire vested remainder interests, although their interests are subject to complete divestment. (*In re Estate of Murphy* (1920) 182 Cal. 740, 743 [190 P. 46] ["The remainders thus created were vested although defeasible."]; *Otto* v. *Union National Bank, supra,* 38 Cal.2d at p. 239 [default beneficiaries received valid remainder interests]; *Levy* v. *Crocker-Citizens Nat. Bank* (1971) 14 Cal.App.3d 102, 107 [94 Cal.Rptr. 1] [same]; see also 1 Simes, Law of Future Interests (1936) Vested and Contingent Remainders § 80, p. 134 and cases cited.)

This principle was codified in 1873 in Civil Code section 781 which specifically recognizes a future interest which is subject to being completely

divested is nevertheless considered a valid vested interest in California. This section provides: "A general or special power of appointment does not prevent the vesting of a future estate limited to take effect in case such power is not executed."

Moreover, the Civil Code also expressly declares a future interest is not invalid simply because a subsequent event may completely divest a beneficiary of the interest. Section 740 of the Civil Code provides: "A future interest may be defeated in any manner or by any act or means which the party creating such interest provided for or authorized in the creation thereof; nor is a future interest, thus liable to be defeated, to be on that ground adjudged void in its creation."

■ Thus, pursuant to the controlling statutes and decisional authority, Wing's children, who were in existence when the trust was created, received vested future interests, although their interests are subject to complete divestment. Consequently, they are additional beneficiaries of the trust and their interests could not be disregarded for purposes of applying the merger doctrine.[4] (Prob. Code, § 24, subd. (c).)

■ Alternatively, Ammco argues Wing should be regarded as the sole beneficiary of the trust because the trust instrument authorized Wing, as trustee, to invade the principal of the trust as necessary for his support, health and maintenance.

A trustee who is also a beneficiary, and who is given the discretion to invade the trust principal, has a fiduciary obligation to the remaindermen to confine his demands within reasonable limits. (See, e.g., *In re Estate of Seidman* (1977) 58 A.D.2d 72 [395 N.Y.S.2d 674, 677].) Nevertheless, there is always a risk in these situations the trustee/beneficiary will unduly favor himself. (See 2 Scott on Trusts, *supra*, The Trustee, § 99.3, p. 64.) Thus, except in situations where a trustor intentionally appoints a beneficiary as sole trustee with the power to invade principal, the better course is for a court to appoint a cotrustee. (*Ibid.*; see also *In re Estate of Seidman, supra*, 395 N.Y.S.2d at p. 677 ["[P]ower, vested in a person in his capacity as trustee of an express trust to distribute principal to himself may not be exercised by him, but only by a cotrustee not so disqualified, or by a court;

---

[4]Similarly, Wing cannot unilaterally terminate the trust without the consent of all beneficiaries, and then only if a court determines the purposes of the trust have been accomplished or the trust purposes are no longer valid. (See, e.g., *Bixby* v. *California Trust Co.* (1949) 33 Cal.2d 495, 497 [202 P.2d 1018]; 11 Witkin, Summary of Cal. Law (9th ed. 1990) Trusts, § 207, pp. 1058-1059.)

and this has also been held to be the rule in the absence of statute (90 C.J.S. Trusts § 349.)"].)[5]

Subsequent events in this case have obviated the need for appointment of a cotrustee. Wing was not initially appointed sole trustee but automatically became sole trustee upon his mother's death. However, the trust instrument also provided for a successor trustee in the event Wing was unable or unwilling to act as trustee. Wing declined to act as trustee and the successor trustee has since agreed to act in his stead. Because no assets from Doris Wing's probate estate have yet been distributed to the D.E.W. Trust, there was no opportunity for Wing, while trustee, to dissipate trust assets or otherwise unduly favor himself in the trust's administration. Consequently, the facts of this case do not present a basis for treating the trust as passive or for treating Wing as the sole beneficiary of the trust for the purpose of terminating the trust.

In sum, we conclude the doctrine of merger was inapplicable and the trust was not extinguished because, although Wing was at one time sole trustee, he was not and is not the sole beneficiary of the trust. (Rest.2d Trusts, § 99, subd. (2), com. (b), p. 227 [one of several beneficiaries may be the sole trustee].)

## II. *The Judgment May Not Be Upheld as a Valid Order Under Probate Code Section 15306.5 or 15307.*

██ In the alternative, Ammco contends the judgment may be affirmed as a proper order under Code of Civil Procedure section 709.010 (fn. 1, *ante*). While we agree Ammco's initial request for relief under this section was proper, the amended judgment failed to adhere to the further requirements of the Probate Code. Consequently, the amended judgment was not authorized by any of the applicable provisions of the Probate Code and this alternative theory for affirming the judgment is unavailing.

The trust in the present case is a so-called "spendthrift trust." Consequently, section 709.010 of the Code of Civil Procedure provides Ammco's right to execute against Wing's interest in the D.E.W. Trust is subject to the limitations outlined in the Probate Code. Probate Code sections 15300 and 15301 specify if a trust provides a beneficiary's interest in income or principal is not subject to voluntary or involuntary transfer (i.e., a "spendthrift trust"), the beneficiary's interest in such a trust's income or principal is

---

[5]The power of a trustee to invade principal for the support of a beneficiary may be viewed as yet another manner in which remainder interests may be subject to partial or total divestment. (Moynihan, Introduction to the Law of Real Property (2d ed. 1988) Types of Future Interests, § 17, p. 127, fn. 8.)

not subject to enforcement of a money judgment until paid to the beneficiary. The exceptions to this general rule are provided in Probate Code sections 15304 through 15307.[6]

Probate Code section 15306.5 (fn. 2, *ante*) provides one such exception to the restraints placed on a judgment creditor's ability to execute on a spendthrift trust's assets, subject to two limitations. Subdivision (b) of this section provides an order "may not require that the trustee pay in satisfaction of the judgment an amount exceeding 25 percent of the payment that otherwise would be made to, or for the benefit of, the beneficiary." The amended judgment in this case is not so limited. The amended judgment expressly deleted the reference to the 25 percent cap to allow Ammco to execute its 1991 judgment against all trust income and against trust principal when paid without limitation.

The second limitation of Probate Code section 15306.5 is in subdivision (c) which states the order "may not require that the trustee pay in satisfaction of the judgment any amount that the court determines is necessary for the support of the beneficiary and all the persons the beneficiary is required to support." Although Ammco initially sought an order under this section, no evidence was introduced from which the court could have made a finding regarding what amount was necessary for Wing's support, or for those persons he is required to support.

Nevertheless, the original order included a finding Wing had "adequate income and assets to pay for his health, maintenance and support himself and requires no trust resources therefor." The court struck this finding from the judgment. The amended judgment, which is based on the court's finding the trust was extinguished by merger, makes no reference at all to any amount necessary for support.

In sum, the amended judgment in this case does not limit execution of the 1991 judgment to 25 percent of amounts paid or to be paid to Wing. Nor is the amended judgment limited by, or subject to, an amount the court determined was necessary for Wing's support. It is therefore not in compliance with Probate Code section 15306.5 and cannot be upheld as a valid judgment under that section.

---

[6]The exceptions potentially applicable to the spendthrift trust in this case are those found in Probate Code sections 15306.5 and 15307.

Probate Code section 15304 provides a settlor may not create a spendthrift trust for himself or herself. Probate Code section 15305 pertains to money judgments for support of the beneficiary's spouse, former spouse or minor children. Section 15305.5 of the Probate Code pertains to restitution to crime victims or for damages incurred as a result of conduct for which the defendant/beneficiary was convicted of a felony. Section 15306 of the Probate Code permits governmental entities in certain circumstances to obtain reimbursement for public support furnished to a beneficiary or a beneficiary's family.

Ammco also suggests the amended judgment may be upheld under Probate Code section 15307. This section permits a judgment creditor to execute against a beneficiary's interest in a spendthrift trust for "any amount to which the beneficiary is entitled under the trust instrument or that the trustee, in the exercise of the trustee's discretion, has determined to pay to the beneficiary in excess of the amount that is or will be necessary for the education and support of the beneficiary. . . ."

This section could also conceivably apply to the trust in this case. However, as noted, there is no evidence in the record regarding the amount necessary for Wing's education and support. Consequently, there is no evidence regarding what amount, if any, may be considered excess and therefore available to satisfy the 1991 judgment. Thus, the amended judgment does not satisfy the requirements of Probate Code section 15307. Accordingly, neither this section nor Probate Code section 15306.5 provides a valid ground to affirm the amended judgment in this case.

### DISPOSITION

The judgment is reversed. Wing to recover his costs of appeal.

Lillie, P. J., and Woods (Fred), J., concurred.