# CIRCUIT COURT OF THE CITY OF NORFOLK

In re Estate of
Aaron Walter Liebman,
Deceased

September 4, 2001

Case No. (Chancery) CH00-921

BY JUDGE JOSEPH A. LEAFE

This matter comes before the Court on Respondent Michael J. Liebman's (hereinafter "Respondent") Demurrer to Petitioner Philip A. Liebman's (hereinafter "Petitioner") Petition for Declaratory Judgment. On April 29, 1997, Aaron Walter Liebman (hereinafter the "Testator") died testate, survived by three sons, Philip A. Liebman, Michael J. Liebman, and S. David Liebman. Following the Testator's death, a will was entered into probate by Petitioner, as Executor, and a will contest was subsequently brought by Respondent and his brother, S. David Liebman. Thereafter, a jury found that a second writing propounded by Petitioner, dated October 11, 1989, was the true last will and testament of Aaron Walter Liebman. The October 11, 1989, instrument (hereinafter "the will") that was subsequently entered into probate, also named Petitioner executor of the estate. The will established a trust in Article V, paragraph 2 (hereinafter "the Trust"), naming Respondent sole trustee and sole income beneficiary for his life, remainder to the children, then living, of Petitioner.

On August 9, 1999, Petitioner distributed $100,000 from the estate in order to fund the spendthrift trust benefiting Respondent. The $100,000 was deposited with SunTrust Securities Corporation and described as "Philip A. Liebman, Trustee for the Estate of Aaron Walter Liebman for the benefit of Michael J. Liebman." In May of 2000, Respondent qualified as Trustee of the Trust, posted bond, and demanded that Petitioner, as Executor, distribute the Trust principal and interest due to him. The instant action commenced when Petitioner filed a Petition for Declaratory Judgment primarily alleging that it

is legally improper for Respondent to serve as sole trustee of a spendthrift trust in which he is also a beneficiary.

Additionally, Petitioner states that the Estate incurred "large expenditures, administrative costs, legal fees, and expenses as a direct result of the litigation of Michael J. Liebman" and requests this Court to "determine . . . [the] appropriate deductions for administrative and other costs" and to "assess and determine the costs of this litigation." *Petition for Declaratory Judgment.*

Respondent demurred arguing that the will is unambiguous, thus, there can be no judicial construction of the will and that no facts were asserted which would allow the Court to impose deductions against his legacy.

### Standards for Demurrer

A demurrer tests the sufficiency of factual allegations to determine whether the pleading states a cause of action. *Fun v. Virginia Military Inst.*, 245 Va. 249, 252, 427 S.E.2d 181, 183 (1993). Respondent contends that under the rules of pleading, the Petition for Declaratory Judgment fails to allege facts sufficient to support Petitioner's asserted allegations.

According to the Rules of the Supreme Court, the pleading "shall state the facts on which the party relies in numbered paragraphs, and it shall be sufficient if it clearly informs the opposite party of the true nature of the claim or defense." Rule 1:4(d).

A demurrer "admits the truth of all material facts that are property pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the alleged facts." *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 129, 523 S.E.2d 826, 829 (2000) (quoting *Cox Cable Hampton Roads, Inc. v. City of Norfolk*, 242 Va. 394, 397, 410 S.E.2d 652, 653 (1991)). Additionally, on demurrer, the court may consider the substantive allegations of the pleading in addition to any accompanying exhibit mentioned in the pleading. *Flippo v. F & L Land Co.*, 241 Va. 15, 16, 400 S.E.2d 156, 156 (1991) (citing Rule 1:4(i)). The Court may consider the pleading, the exhibits, and take as true "all fair inferences deducible therefrom." *Palumbo v. Bennett*, 242 Va. 248, 249, 409 S.E.2d 152, 152 (1991).

### Spendthrift Trust

The Virginia Supreme Court in *Sheridan v. Krause*, 161 Va. 873, 172 S.E. 508 (1934), held that a spendthrift trust is valid in Virginia. *Id.* In *Sheridan*, the testator created a trust, for his son, Leo Sheridan (hereinafter

"Sheridan"), in a codicil to his last will and testament. *Id.* at 879. The testator named another child trustee of the trust, stating the trustee should hold that share of the estate "free from the debts and claims of all persons . . . ." *Id.* After testator's will was entered into probate, two of Sheridan's judgment creditors brought suit to levy upon Sheridan's inheritance. *Id.* at 882. The creditors argued that the trust was invalid and should be open to attachment by Sheridan's creditors. The trial court determined that Sheridan's interest in his father's estate was a vested interest and thus subject to the claims of Sheridan's creditors. Sheridan appealed, arguing that his interest was conditional, dependent on the discretion of the trustee. *Id.* at 883. The Court determined that the language of the trust created a "protective trust" for Sheridan and as such, was held free from liability for his debts. *Id.* at 888-89.

After Virginia declared the spendthrift trust a valid method of disposition, an abundance of case law followed concerning whether the settlor of a spendthrift trust could also be the sole trustee-beneficiary. The resounding answer is no. *See Restatement (Second) of Trusts,* § 99(5) and cmt. 5; *see e.g. Creasy v. Coleman Furniture Corp.,* 83 B.R. 404 (Bankr. W.D. Va. 1988); *Parkinson v. Bradford Trust Co. of Boston (In re O'Brien),* 50 B.R. 67 (Bankr. E.D. Va. 1985). However, the question of whether the lifetime income beneficiary of a spendthrift trust which has remainder beneficiaries can also serve as the sole trustee of the trust does not appear to have been addressed, in the instant context, by a Virginia Court.

Petitioner is correct in asserting that the precedent which exists was developed in the context of bankruptcy proceedings. Nonetheless, the interpretation of the spendthrift trust in bankruptcy proceedings does not apply to the instant case. Petitioner's reliance upon *Creasy v. Coleman Furniture Corp.,* 83 B.R. 404 (W.D. Va. 1988), is thus misplaced.

In *Creasy,* the president of the Coleman Furniture Corporation, Shumate, sought to exempt his interest in his company's pension plan, over which he exerted complete control, from the company's creditors in bankruptcy. *Id.* at 405. The question arose as to whether the pension trust was a spendthrift trust under which Shumate could exempt his interest from creditors. *Id.*

The Court stated that there is a long line of cases holding that a spendthrift type trust is invalidated for public policy reasons where the debtor is also the settlor and the beneficiary. *See id.* at 408 (citing *Matter of Goff,* 706 F.2d 574 (5th Cir. 1983)).

In *Creasy,* Shumate was only a beneficiary and not the settlor of the plan. *Id.* at 405. However, the Court held that where Shumate exercised exclusive control over and could essentially terminate the plan, he could *not* exempt his interest because the plan was, in essence, his "personal savings account." *Id.*

at 410. Additionally, Virginia Code § 55-19 now explicitly states that "[t]he exception for spendthrift trusts shall *not* apply to an interest in a trust, contract, or other fund maintained in conjunction with an employee benefit plan. . . ."

The instant case appears to diverge from the facts of the above case wholly relied upon by Petitioner. Unlike *Creasy*, the instant spendthrift trust is not an employee benefit type plan and the named trustee-beneficiary had no involvement in the creation of, nor possesses the power to terminate, the trust.

Furthermore, Petitioner's reliance on the "control test" adopted in *Creasy* is mistaken. 83 B.R. at 408. The Court in *Creasy* stated prior to adopting the "control test" from *In re Lichstrahl*, 750 F.2d 1488 (11th Cir. 1985), that the *Lichstrahl* case is "significant for recognizing the element of control as a bar to enforcing a *spendthrift provision in a bankruptcy context. Creasy*, 83 B.R. at 408 (emphasis added). The Court went on further to quote, "[t]he degree of control that the debtor may exercise over the trust assets is a crucial factor in determining the issue of inclusion in, or exclusion from, the bankruptcy estate." *Id.* at 407 (quoting *In re Pettit*, 61 B.R. 341, 346 (Bankr. W.D. Wash. 1986)).

From *Creasy*, it can be inferred that the Virginia Supreme Court intended the "control test" be used only in determining whether a spendthrift trust can be excluded from a debtor's bankruptcy estate. *Id.* at 408-09.

Instead, the factual scenario of this case is controlled by rules found in Restatement (Second) of Trusts, the Virginia Code, and case law. Restatement (Second) of Trusts § 99(2) specifically states, "[o]ne of several beneficiaries of a trust can be the sole trustee of the trust." The comment to the section explains that the "trustee holds the legal title to the trust property" while the beneficiaries, including the trustee-beneficiary, hold equitable interests, as delineated in the trust instrument. *Restatement (Second) of Trusts*, § 99, cmt. 2. It further states that this does not create a situation where the trustee holds any of the property free of the trust, and if a spendthrift trust, does not allow creditors to reach his interest. *Id.*

In the instant case, Respondent is one of several beneficiaries and is also named the sole trustee of the spendthrift trust. The trust created a lifetime income interest for the benefit and support of Respondent, with the corpus and income upon his death held in trust for remaindermen,[1] the Petitioner's children living at the time of Respondent's death.

---

[1] The remainder created in Petitioner's children appears to be a vested remainder subject to open. Petitioner asserts in various correspondence that he has several existing minor children. Therefore, these children have a vested interest in the

Therefore, under the rule set forth in the Restatement (Second), Respondent, as one of several beneficiaries, can serve as the sole trustee of the spendthrift trust and the income and corpus of the trust will still be protected from his liabilities.

Additionally, Virginia Code § 64.1-67.2(A) (2001) recognizes a sole fiduciary as a beneficiary and provides certain limitations on exercisable power:

> When a will or trust instrument confers upon the fiduciary or fiduciaries the power to distribute the income, principal, or corpus, or any combination thereof, for the benefit of a beneficiary who is otherwise a fiduciary or one of the fiduciaries (i) this power shall be construed as conferred only upon the fiduciary who is such potential beneficiary and exercisable only by the other fiduciary or (ii) if such potential beneficiary is the sole fiduciary, then the power shall be exercisable only for health, education, and support, or any combination of them, of the beneficiary.

Additionally, *Ammco Ornamental Iron, Inc. v. Wing*, 26 Cal. App. 4th 409, 31 Cal. Rptr. 2d 564 (1994), appears to be on point with the instant case. In *Ammco*, a spendthrift trust was executed in favor of defendant Wing. *Id.* at 413. The trust was nominally funded during settlor's lifetime and the residue of settlor's estate poured into the trust upon her death. *Id.* The trust allowed Wing, in the trustee's discretion, to invade the principal of the trust, gave him a special power of appointment over the trust corpus, and provided for default beneficiaries in the case the power was not exercised. *Id.* at 413-14. The trust provided that the settlor act as trustee during her lifetime and, upon her death, for the defendant-beneficiary to become the successor trustee. *Id.* After settlor died, settlor's will was entered into probate, Wing declined to serve a trustee of the trust, a successor trustee was appointed, and Wing requested that the trust be funded with the residue of testator's estate. *Id.* at 414.

Ammco subsequently filed a petition to enforce a money judgment against Wing's interest in the trust, arguing that where Wing was both trustee and beneficiary of the trust, the doctrine of merger worked to extinguish the trust. *Id.* at 415. Wing, relying on Restatement (Second) of Trusts, argued that he

---

remainder of the spendthrift trust created for Respondent, subject to partial divestment, due to the birth of any further children prior to the death of Respondent. A vested interest gives these children a present interest in the trust. *Shriner's Hosp. for Crippled Children v. Smith*, 238 Va. 708, 385 S.E.2d 617 (1989).

was not the sole beneficiary of the trustee because there were remainder beneficiaries and therefore, merger did not occur. Ammco counter-argued that the remainder beneficiaries were contingent beneficiaries because Wing was the sole trustee, could invade the principal, and received all trust income. Therefore, Ammco asserted that Wing should be treated as the sole beneficiary. *Id.* at 416.

The court determined that the doctrine of merger was inapplicable and the trust was a valid spendthrift trust. *Id.* at 417. The court found that Wing had a life estate in the income and principal of the trust and the default beneficiaries, as remaindermen who were in existence and known at the time the trust was created, had a valid vested interest in the trust. *Id.* at 417-18.

Thus, the court found that where the trust had default beneficiaries who held a vested future interest, even though subject to complete divestment, there were "additional beneficiaries of the trust and their interests could not be disregarded for purposes of applying the merger doctrine." *Id.* at 419. The court consequently held that Wing was not the sole beneficiary and, but for his declination, could serve as the sole trustee.

Furthermore, the court commented that when a trustee is also a beneficiary, there is always the risk that the trustee-beneficiary will act in his own best interest, disregarding the interest of the remaindermen.[2] The court noted, however, that a trustee has a "fiduciary obligation to the remainderman. . . ." *Id.*

In the instant case, we have a simpler situation, which lends itself to the application of the above rules. Unlike the trustee nominated in *Ammco*, in the instant case, Respondent does not have the power to invade the principal; therefore, the concerns of Petitioner regarding the entirety of the corpus passing by remainder to Petitioner's children are unfounded. Under the holding in *Ammco*, where the instant trust has a named trustee-beneficiary and delineated vested remaindermen, Respondent is not the sole beneficiary and can continue as the sole trustee of the trust.

In addition to the above, the Supreme Court of Arkansas held in *Clement v. Larkey*, 314 Ark. 489 (1993), that "[i]t is permissible for . . . a sole trustee also to be one of several beneficiaries of a trust, even though conflicts of interest and coincidental benefits to that trustee-beneficiary inevitably result." *Id.* at 493 (citing *Restatement (Second) of Trusts*, § 99 (1957)). The court further recognized that a trustee assumes the burden of proving the fairness of

---

[2] Unlike the facts in the instant case, the court in *Ammco* held that where the trustee-beneficiary has not been specifically named and is allowed to invade the principal, a co-trustee should be appointed. *Id.* at 420.

transactions, which also benefit the trustee, to the other beneficiaries. *Id.* (citing *Reeder v. Meredith*, 78 Ark. 111, 93 S.W. 558 (1906)).

In the instant case, Respondent can act as sole trustee for his own interest in the income of the trust and as trustee for the vested remainder interest that Petitioner's children have in the trust. The conflicts that the *Clement* court spoke of will most likely be present in this case, but, as in *Clement*, Respondent will be held a fiduciary of the remainder beneficiaries. *Shriners Hosp. for Crippled Children v. Smith*, 238 Va. 708, 385 S.E.2d 617 (1989). As such, Respondent will be responsible to them in accounting for the fairness of the transactions he undertakes.

Accordingly, based upon Restatement (Second), the Virginia Code, and case law, this Court finds that Respondent can serve as sole trustee of the spendthrift trust for the benefit of himself, as life income beneficiary, and for the children of Petitioner, as remainder beneficiaries.

## Costs

The Judgment Order entered in the prior will contest suit between the instant parties recites the jury's verdict finding that the October 11, 1989, will was the true Last Will and Testament of Aaron Walter Liebman and ordered the "proponents recover from the contestants their taxable costs herein expended. . . ." Petitioner now argues that these costs should be assessed against Respondent's legacy.

The paramount rule in a will construction suit is that the intent of the testator is to prevail. *West v. Hines*, 245 Va. 379, 429 S.E.2d 1 (1993). It is obvious from the language of Testator's Last Will and Testament that he intended the legacy to Respondent to be a spendthrift trust. *Levy v. First Virginia Bank*, 845 F.2d 80 (4th Cir. 1988). The spendthrift trust is therefore not subject to the debts of the Respondent. If it were ordered that the estate could recoup its costs from the legacy given to Respondent, this Court would be wholly negating testator's intent in providing for Respondent via a spendthrift trust.

If Respondent failed to comply with the Order requiring him to pay costs, he is indebted to the testator's estate. The estate, however, can make no claim over the money bequeathed by the testator to Respondent because it has already been distributed into the trust, and is thus protected by its spendthrift provisions. Virginia Code Ann. § 55-19(B).

Had Petitioner, as executor, not yet distributed the legacy there might be a valid argument that the legacy could be decreased by the amount of the debt. In *Hall v. Miller*, 32 Va. Cir. 403 (1994), the testator died, his will was

admitted to probate, and, during administration of the estate, a beneficiary challenged the will's validity. The beneficiary's claim was dismissed on demurrer as time barred and the executrix asked for an assessment of the costs of litigation against the beneficiary. The court ordered that "equity should allow attorney's fees expended by the executrix in defending this claim. An award of $1,000.00 will be allowed, which the *executrix may deduct upon distribution of Pat Hall's legacy. . . ." Id.* at 406 (emphasis added).

In the instant case, the facts show that the executor of the instant estate already distributed Respondent's legacy into the spendthrift trust. As such, this Court has no grounds upon which to order that the costs of the estate in the previous will contest be proportionally assessed against Respondent's legacy.

It is well settled that if in settling the testator's estate, there are insufficient assets to satisfy both debts and legacies, the debts are paid first and then legacies abate by the amount required to fulfill the debts of the estate. *See Harrison on Wills and Administration*, § 413 (3d ed. 1985).

Precedent defines the order in which the estate is to be charged these debts and expenses. *Chavis v. Myrick*, 190 Va. 875, 58 S.E.2d 881 (1950). Personal property before real property; residuary bequest before a general bequest; general bequest before demonstrative bequest; demonstrative bequest before specific bequest. *See Baylor v. National Bank of Commerce of Norfolk*, 194 Va. 1, 5, 72 S.E.2d 282, 284 (1952). A specific legacy is one that is a bequest of a particular portion of a testator's personal estate, distinct from the remainder of his estate, while a general legacy may be satisfied out of the general assets of the estate. *Harrison*, § 413. Generally, pecuniary legacies, which are not made specific by the identification of the particular money given, are deemed general legacies. *Id.*

In the instant case, the bequest to Respondent is a bequest of a specific amount of money, to be held in trust, without a statement of where the amount should come from to fund the trust. Therefore, this bequest is deemed to be a general legacy and as such, can only be proportionally charged the debts and expenses of the estate after the residuary estate is exhausted.

Therefore, in accordance with the above stated general principals, this Court finds that Respondent's general pecuniary legacy of $100,000 in trust cannot be proportionally assessed for the estate's cost of the will contest.

This Court sustains Respondent's Demurrer in its entirety. Thus, there is no need for this Court to rule upon Petitioner's Motion for Summary Judgment.

By virtue of this Court's sustaining the demurrer, the Petition for Declaratory Judgment is dismissed with prejudice and without leave to amend.